Dow v. Whitman & Ousley.

---

## DOW vs. WHITMAN & OUSLEY.

[ACTION AGAINST NON-RESIDENT, COMMENCED BY ATTACHMENT.]

1. *Amendment of judgment nunc pro tunc pending appeal.*—When a judgment is amended *nunc pro tunc* during the pendency of an appeal, and the amendment brought up on *certiorari* previously sued out, the amended judgment is properly before the appellate court.

2. *Want of affidavit not available on error.*—In an action against a non-resident, commenced by attachment, the want of the statutory affidavit, or the failure of the record to set out the affidavit if made, (Code, §§ 2561–62,) is not available on error, after judgment by default.

3. *Publication against non-resident.*—A recital in the judgment, that "publication was made giving defendant notice according to law," (Code, § 2510,) is not sufficient, on appeal, to sustain a judgment by default against a non-resident.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. NAT. COOK.

THIS action was brought by Whitman & Ousley, as partners, against Lorenzo Dow; was founded on the defendant's promissory note for $100, dated the 13th September, 1856, payable on the 15th October next after date, to the order of J. T. Norman, and transferred by said Norman to plaintiffs; and was commenced by original attachment, sued out before a justice of the peace, on the

30th March, 1858.   The attachment recites, that oath was made before the justice that the defendant was a non-resident; but the clerk certifies that no affidavit was ever filed in his office.   The attachment was executed, by summoning James Harrison and Leroy Gresham as garnishees.   At the spring term, 1858, the garnishees answered, admitting an indebtedness to the defendant in attachment; and, at the same term, publication was ordered against said defendant, as a non-resident.   At the next ensuing term, a judgment by default, in the usual form, was rendered against the defendant; but the record does not show that any final judgment was rendered against the garnishees.   From this judgment, on the 25th May, 1859, the defendant sued out an appeal to this court.   At the June term, 1859, to which the appeal was returnable, a *certiorari* was awarded, on motion of the appellees; and the *certiorari* was issued on the 1st October, 1859.   At the fall term, 1859, of the circuit court, on motion of the plaintiffs, the judgment was amended *nunc pro tunc*, as of the fall term, 1858, by inserting the following words: "And it appearing to the satisfaction of the court, by proof, that publication was made giving defendant notice, according to law, of the pendency of this suit," etc.; and this amended judgment was sent up by the clerk in his return to the *certiorari*.   It was assigned for error, (among other things,) that the court erred in the rendition of judgment against the defendant, because the attachment was issued without the statutory affidavit, and because the proof of publication was not sufficient.

THOS. WILLIAMS, for appellant.

CLEMENTS & WILLIAMSON, *contra*.

STONE, J.—The amended judgment is properly before us on this appeal, and must be regarded as the judgment in the cause.   We content ourselves with a citation of the authorities.—Cunningham v. Fontaine, 25 Ala. 644; Farmer v. Wilson, 34 Ala. 75; Moore v. Horn, 5 Ala. 234.

[2.] The objection, that the record does not contain the

affidavit on which the attachment was sued out, is not well taken.—Code, §§ 2561, 2562; Jones v. Pope, 6 Ala. 154; Kirkman v. Patton, 19 Ala. 32.

[3.] This case coming up on appeal, the recital in the amended judgment entry, "that publication was made giving defendant notice according to law," was not a sufficient compliance with the statute.—Code, § 2510. The recital should show that the publication was made for four consecutive weeks, giving notice of the attachment and levy.—Keiffer v. Barney, 31 Ala. 193; Butler v. Butler, 11 Ala. 668; Hartley v. Bloodgood, 16 Ala. 233; Cullum v. Branch Bank, 23 Ala. 797.

Reversed and remanded.