## BRINSFIELD vs. AUSTIN.

[ATTACHMENT AGAINST NON-RESIDENT.]

1. *Publication against non-resident.*—To sustain a judgment by default against a non-resident, in a suit commenced by attachment, the record must affirmatively show that publication was made and perfected against him as required by section 2510 of the Code.
2. *Levy of attachment.*—An attachment for more than fifty dollars, returnable to the circuit court, can be levied only by a sheriff.
3. *Appointment and authority of special constable.*—The statutory power of a justice of the peace, to appoint a special constable, in cases of emergency, to act "in the execution of all process except the collection of executions," (Code, § 712,) extends only to such process as may be lawfully executed by a constable.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by John A. Austin, against Bedford B. Brinsfield, to recover the sum of two hundred dollars, alleged to be due by account; and was commenced by original attachment, sued out before a justice of the peace, on the 29th July, 1860, on the ground that the defendant was a non-resident. At the time of suing out the attachment, the plaintiff also made affidavit before the justice, "that the services of a constable are necessary to execute the attachment, as the defendant is about to pass out of the State, and the sheriff cannot be reached in time to make the levy"; and the justice thereupon appointed a special constable to execute the attachment, and it was levied by the person so appointed. Judgment by default was rendered against the defendant at the March term, 1861. The record contains no proof, by recitals in the judgment or otherwise, that publication was made against the defendant as a non-resident. The judgment by default, with several other matters, is now assigned as error.

MARTIN, BALDWIN & SAYRE, for appellant.

R. W. WALKER, J.—The record discloses two defects, each of which is fatal to the judgment in this case. The proceeding was by attachment against a non-resident, and it does not appear that publication was made as required by the statute in such cases.—Code, § 2510 ; *Dow v. Whitman & Owsley*, 36 Ala. 604. The attachment was for a sum over fifty dollars, and was levied, not by the sheriff, but by a person specially appointed for that purpose by the justice issuing it. The justice had no authority to make such appointment. The power conferred upon justices of the peace, by section 712 of the Code, to appoint a person, "in cases of emergency," to act in the place of a constable, "in the execution of all process, except the collection of executions," extends only to such process as constables may lawfully execute. A constable has no authority, in this State, to levy an original attachment, issued for a sum exceeding fifty dollars, and returnable to the circuit court; and hence the levy in this case was void.—See *Martin v. Dollar*, 32 Ala. 422.

Judgment reversed, and cause remanded.