# Diston & Sons *v.* Hood.

*Attachment against Non-Resident.*

1. *Recitals and proof of notice.*—To sustain a judgment by default against a non-resident defendant, who was not personally served with notice, the suit being commenced by attachment, the record must show that proof was made to the court of all the facts necessary to constitute constructive notice by publication (Code of 1886, § 2936); and a mere recital in the judgment-entry, that the plaintiff "made proof of due and legal service on the defendants of the issue and levy of the attachment in this case," not stating the facts, is not sufficient to sustain the judgment on appeal.

2. *Ex-parte affidavit.*—An *ex-parte* affidavit copied into the transcript, made by the plaintiff's attorney, as to the facts necessary to show constructive notice by publication against a non-resident defendant, can not be considered by this court for any purpose, when it is not referred to in the judgment-entry, nor made part of the record by bill of exceptions or otherwise.

APPEAL from the Circuit Court of Randolph.
Tried before the Hon. JAMES W. LAPSLEY.

N. D. DENSON, for appellant, cited *Betancourt v. Eberlein*, 71 Ala. 461; *Molett v. Keenan*, 22 Ala. 484; *Hunt v. Ellison*, 32 Ala. 193; *Owings v. Binford*, 80 Ala. 424; *McAbee v. Parker*, 78 Ala. 573; *Brinsfield v. Austin*, 39 Ala. 227; *Dow v. Whitman*, 36 Ala. 604; *Hartley v. Bloodgood*, 16 Ala. 233; *Keiffer v. Barney*, 31 Ala. 193; *Cullum v. Br. Bank*, 23 Ala. 797; *Butler v. Butler*, 11 Ala. 668; Drake on Attachments, § 437*a; Thrasher v. Powell*, 6 Wheat. 119.

STONE, C. J.—The present suit was commenced by original attachment, for the enforcement of a money demand. The affidavit for attachment sets forth that the defendants are non-residents of the State of Alabama, but neither avers their place of residence, nor that the same is unknown.

There was neither appearance nor plea for defendants, but judgment was rendered against them by default. The assignments of error raise the question, whether the record is full enough to show that constructive notice was given to the defendants of the issuance and levy of the attachment. Sess. Acts 1882-3, p. 147; Code of 1886, § 2936. The question is raised in this case on direct appeal.

The recital as to notice, found in the judgment-entry, is in the following language: "Came the plaintiff, by his said attorneys, and made proof of due and legal service on the defendants, of the issuance and levy of the original attachment in this case," &c. There is no pretense of actual notice given. Considered as constructive notice, and presented as the question is on direct appeal, the recital is insufficient to bring the defendants within the jurisdiction of the court. To be sufficient, the record must show, not merely that publication was made as required by law, but that publication was made in a newspaper, naming it, for three consecutive weeks, commencing, &c. The notice being only constructive, the facts constituting a compliance with the statute, must be proved to, and found by the court to have been done; and the record must show it. And it would be much more satisfactory if the record also showed that a copy of the notice was sent by mail to the defendant, or that his residence was unknown, and could not be ascertained. This latter proposition is not intended to be declared to be an indispensable pre-requisite, but the first is, under all our rulings.— *Walker v. Hallett,* 1 Ala. 379; *Johnston v. Hainesworth,* 6 Ala. 443; *Butler v. Butler,* 11 Ala. 668; *Hartley v. Bloodgood,* 16 Ala. 233; *Hodges v. Wise, Ib.* 509; *Cullum v. Branch Bank,* 23 Ala. 797; *Keiffer v. Barney,* 31 Ala. 192; *Clark v. Gilmer,* 28 Ala. 265; *Hunt v. Ellison,* 32 Ala. 173, 198; *Dow v. Whitman,* 36 Ala. 604; *Brinsfield v. Austin,* 39 Ala. 237; Drake on Attachments (6th Ed.), § 437a.

There is found in the transcript what purports to be an *ex-parte* affidavit by one Oliver, with the *jurat* of the clerk of the court attached, which, if shown to have been properly testified to, furnishes the *data* upon which the court might have found that publication had been made for three consecutive weeks in a newspaper published in Randolph county. Neither the order of the court, nor anything else found in the record, makes any reference to this affidavit, or makes it a part of the record. It is, at most, an *ex-parte* affidavit of a fact necessary to be shown to the court—only evidence to be

used—and it is not, *per se*, a legitimate part of the record. Nor could it become such without an order of the court therefor. No such order was made, and we can not look to it for any purpose.—*Ice v. Manning*, 3 Ala. 121; *Saunders v. Camp*, 6 Ala. 73; 1 Brick. Dig. 179; *Landreth v. Landreth*, 9 Ala. 430; *Cobb v. State*, 19 Ala. 18; *Stodder v. Grant*, 28 Ala. 416.

The record fails to show the defendants were properly brought in by constructive notice.

Reversed and remanded.