# V. & A. Meyer & Co. *v.* Keith.

| 99 | 519 |
|----|-----|
| 126 | 150 |

*Attachment against Non-resident.*

1. *Proof of notice; recitals thereof in judgment-entry.*—To sustain a judgment by default against a non-resident, who was not personally served with notice, the suit being commenced by attachment, the record must show that proof was made to the court of all the facts necessary to constitute constructive notice by publication (Code of 1886, § 2936); and the mere recital in the judgment-entry that notice was given as required by law, not stating the facts, is not sufficient to sustain the judgment on appeal.

2. *Personal judgment by default against non-resident.*—A personal judgment by default can be rendered against a non-resident in attachment, upon proof of statutory notice.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. M. CARMICHAEL.

This was an action brought by the appellee, W. J. Keith against V. & A. Meyer & Co., who resided in the State of Louisiana. The complaint contained the common counts. The suit was commenced by an attachment, which was regu-

larly issued upon affidavit made and bond given. This attachment was executed by serving a garnishment on Holloway & Gilchrist and C. R. Keith. The transcript contains no bill of exceptions. The judgment entry was as follows: "January 16, 1892. Came the garnishee, C. R. Keith, and answers orally to the indebtedness in twenty three hundred and fifty dollars, due to the defendants, by promissory notes due in January and March, 1891. And came the garnishee, Holloway & Gilchrist, who file there their answer in writing, admitting indebtedness in the sum of eleven hundred and twenty-six and 70-100 dollars, due by note the 1st of January, 1891, and suggest that the Mutual National Bank of New Orleans claims the debt. It is agreed [?] by the court that notice issue to said Mutual National Bank of New Orleans to come in and propound its claims to said debt; and proof being made known to the court of the publication of notice of the non-residence of the defendants in the Geneva Record, a newspaper published in said county, for the term required by law; and the defendants being called came not, but made default. It is thereupon ordered by the court that judgment be rendered against the defendants with a writ of inquiry. . . . . It is thereupon considered adjudged by the court that the plaintiff have and recover of the defendants the said sum of," &c.

The present appeal is prosecuted by the defendants, who assign as error the said judgment rendered against them.

TOMPKINS & TROY, for appellants.—The recital in the judgment-entry, that the publication was according to law, is not sufficient to sustain the judgment on appeal.—Code of 1886, § 2936; *Dow v. Whitman*, 36 Ala. 604; *Brierfield v. Austin*, 39 Ala. 227; *Diston & Sons v. Hood*, 83 Ala. 331. The court erred in rendering a personal judgment against the defendants.—Vanfleet's Collateral Attack, § 394, and authorities there cited; *Penoyer v. Neff*, 95 U. S. 714.

W. D. ROBERTS, *contra*.

HEAD, J.—The recitals of the judgment-entry do not sufficiently show that the notice required by the statute of the issuance and levy of the attachment was given. A recital, as in the present case, that notice was given as required by law, will not sustain a judgment by default.—Code, § 2936; *Dow v. Whitman*, 36 Ala. 604: *Brierfield v. Austin*, 39 Ala. 227; *Diston & Sons v. Hood*, 83 Ala. 331.

The complaint, so far as the transcript shows, was not

[Aderhold v. Mayor and City Council of Anniston.]

marked filed by the clerk. That should be attended to. We do not decide that a complaint found in the transcript and certified to by the clerk, in his general certificate, as a part of the record of the proceedings, will not be regarded by us as a part of the record, because not so marked. We simply call attention to the irregularity, which appellants insist upon now as a ground of reversal, that it may be cured.

It is insisted by appellants that no personal judgment by default can be rendered against a non-resident in attachment on statutory notice; but that the judgment should be one of condemnation only. The question has been settled contrary to this contention by the decisions of this court, from which we are not inclined to depart.

Reversed and remanded.