# White *et al.* for use &c. v. Simpson.

*Bill in Equity to enforce Vendor's Lien.*

1. *Garnishee can not take advantage of defects in process or judgment against defendant unless they are void.*—Mere defects in the process, or in the judgment, against a defendant in attachment, are not available to a garnishee, unless such process and judgment are void for want of jurisdiction apparent on the face of the record.

2. *Same.*—The judgment against defendants in attachment should recite notice of the attachment and levy, and that notice was given in the mode, and for the time prescribed by statute, (Code, § 2936), and on appeal the absence of such recitals would not be cured by a general recital in the judgment entry that legal notice by publication was proved, but a garnishee can not as defendant in a collateral proceeding in equity in which the defendants in attachment are properly joined as complainants, affirming or acquiescing in the judgment, question the validity of the judgment or its sufficiency for his protection.

3. *Statute authorizing garnishments to be construed liberally.*—A garnishment is essentially a statutory remedy, a species of attachmen', and falls within the influence of the statute, (Code, § 2998) which provides that "the attachment law must be liberally construed to advance the manifest intent of the law."

4. *Garnishments from courts of law.*—Garnishments when employed by courts of law are intended to reach *choses in action* not capable of seizure through execution or attachment or to compel the discovery of effects, capable of seizure, in the possession of a third person, and fraud upon creditors of the defendant in attachment not intervening, or imputed, such garnishments operate only on legal rights of the defendant; such rights as he could in his own name enforce in an action at law.

5. *Judgment on garnishment at law.*—If the plaintiff is successful in the prosecution of the remedy by garnishment, the judgment whether it be rendered on the answer of the garnishee admitting an indebtedness, or on the contest of an answer denying indebtedness, or on the

[White *et al.* for use &c: v. Simpson.]

contest of the right of a third person to the indebtedness, is rendered for and in the name of the plaintiff for an amount not exceeding his judgment against the defendant, and until reversed is conclusive as between the garnishee and the defendant.

6.　*Lien of garnishment.*—The service of a garnishment creates a lien on the debt or demand due or owing from the garnishee, which, though inchoate, is incapable of impairment by any arrangement or transaction between the defendant and the garnishee, or by any act of either, and the rendition of judgment of condemnation perfects the lien and substitutes the plaintiff as a judgment creditor, to the place and stead of the original creditor, the defendant in judgment or attachment.

7.　*Obligation and incidents of garnished debt remain the same after as before codemnation.*—While the effect of judgment of condemnation against a garnishee is the substitution of the plaintiff as the creditor in place of the defendant in judgment or attachment, the change of creditors works no change in the obligation or incidents of the debt.

8.　*Creditor condemning legal assets by garnishment not confined to legal remedies for enforcement thereof.*—Where a creditor succeeds in condemning legal assets by garnishment he is not confined to legal remedies to render them available, but may pursue whatever of equitable remedies any judgment creditor may pursue and if there is an equity inhering to the assets condemned, that equity he may enforce.

9.　*Vendor's lien.*—A vendor of lands, in the absence of an agreement to the contrary, if he does not take some independent security, retains a lien for the payment of the purchase money, though he may execute an absolute conveyance to the purchaser, which lien prevails against all succeeding to the estate of the vendor other than *bona fide* purchasers for value without notice.

10.　*Same; superior to homestead exemption.*—The vendors lien is an infirmity of title to which the homestead exemption or estate is by statute, (Code, § 2509) rendered subordinate.

11.　*Same; rights of assignee.*—The vendor's lien is an incident to the debt contracted for the purchase money, passing to the assignee of the debt, who may enforce it as he could enforce a mortgage or other security taken by the assignor.

12.　*Same; necessary parties.*—Where judgment was rendered against a garnishee whose debt to defendant, condemned by the judgment, was a note for the purchase money due defendants in attachment on the garnishee's homestead, and neither the judgment against the defendants in attachment nor against the garnishee equals the unpaid purchase money, the defendants in attachment are necessary parties to a bill in equity, by the plaintiff in the judgment, to enforce the vendor's lien to which he became entitled by the judgment against the garnishee.

APPEAL from the City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.
The original bill in this case was filed by E. F. White

[White *et al.* for use &c. v. Simpson.]

against J. L. Simpson on January 18, 1894. The facts averred in said bill were as follows: On October 11, 1890, E. F. White, the complainant, sued out an attachment in the city court of Anniston, in favor of himself, against L. V. White, and Mrs. E. S. White, and on October 16, 1890, said attachment was executed by service of a writ of garnishment on J. L. Simpson. On November 11, 1890, said Simpson filed his answer to said garnishment, admitting indebtedness to the defendants in attachment in the sum of $1,000, due March 11, 1892. On June 6, 1892, a judgment was rendered against L. V. White and Mrs. E. S. White, defendants, and said J. L. Simpson, garnishee, for the sum of $707.77 and costs of suit, which said money was condemned, in the hands of J. L. Simpson, to the satisfaction of the judgment against L. V. and E. S. White. The judgment entries in the original and garnishment suits are as follows: "Came the plaintiff by attorneys, and due and legal notice to defendants by publication having been proven, and said defendants, having been duly summoned and called, came not, but made default, and, on motion of the plaintiff, it is considered by the court that the plaintiff have and recover of the said defendants the sum of seven hundred and seven and 77-100 ($707.77) dollars, together with the costs in this behalf expended, for which let execution issue. And, as against this judgment, there are no exemptions as to any personal property of the said defendants." "Came the plaintiff by attorney, and it appearing to the court that on the 6th day of June, 1892, the said plaintiff recovered a judgment in this court against the said defendants for the sum of $707.77 and costs of this suit, it is therefore considered by the court that the plaintiff have and recover of J. L. Simpson, garnishee, on his answer on file in this cause, the said sum of seven hundred and seven and 77-100 ($707.77) dollars, together with the cost of the original suit, not to exceed the sum of one thousand dollars, for which let execution issue." On June 16, 1892, an execution was issued against said J. L. Simpson on said judgment of condemnation, and was returned by the sheriff on September 29, 1892, "No property found." On December 13, 1893, an alias execution was issued against said Simpson on said judgment, and on December 14, 1893, said J. L. Simpson filed his claim

of homestead exemption and other exemptions allowed him under the laws of Alabama. The said Simpson had no other property known to complainant, other than that claimed by him as exempt, out of which the said judgment against him can be satisfied. The bill then further avers that the said indebtedness of Simpson to L. V. White, and on which said judgment of condemnation was rendered, was a part of the purchase money of a certain lot in the city of Anniston sold by L. V. White to said J. L. Simpson, and that said lot is the property claimed by said Simpson as a homestead, and that the complainant is unable to collect his said judgment against J. L. Simpson by reason and on account of said claim of homestead exemption; ''that the judgment is for a part of the purchase money of the above-described real estate, due and owing from said J. L. Simpson to L. V. White, and which was condemned by the city court of Anniston in satisfaction of your orator's debt or judgment against the said L. V. White and Mrs. E. S. White, and on which said above execution was issued.'' The prayer of the original bill is ''that on final hearing your honor will give general relief, and will decree a vendor's lien on the above-described real estate, and that the same may be sold to satisfy said judgment.'' To this bill the respondent demurred on the following grounds: (1.) There is no equity in the bill. (2.) ''The bill shows that the alleged judgment against defendant, L. V. White and E. S. White, is void, because said defendants were not legally served with notice by publication, as required by statute in in such cases made and provided.'' (3.) ''The bill fails to show that said defendants, L. V. White and E. S. White, were legally served with notice by publication, as required by the statute in such cases made and provided, before said judgment was rendered against them.'' (4.) ''The alleged judgment in favor of the plaintiff and against this respondent as garnishee, only reached the legal rights of the defendants in that proceeding, viz. L. V. White and E. S. White and yet complainant, by said bill, seeks to enlarge his rights thereby acquired so as to reach and make available an alleged equitable right of said defendants against this respondent.'' (5.) ''The statutes of this state authorizing and regulating garnishments only authorize a plaintiff to reach and subject to

[White *et al.* for use &c. v. Simpson.]

his claim the legal rights of the defendants, and not his equitable rights, and this court is without power or jurisdiction to apply this statutory remedy to the condemnation of the equitable rights of the defendant, as attempted in said bill." (6.) "The statutes in this state authorizing and regulating garnishments provide a specific remedy by judgment and execution against the garnishee in favor of plaintiff in cases where, as alleged in said bill, the garnishee answers, admitting an indebtedness to the defendant; and this court is without power or jurisdiction to substitute another and different remedy therefor, as complainant in this case is attempting to do." (7.) "Complainant, by having process of garnishment served on respondent, and obtaining judgment against him as garnishee, as alleged in said bill, chose the statutory remedy of garnishment, and he cannot now be allowed to supplement or enlarge his rights thereby acquired, as attempted in said bill." On the submission of the cause on the demurrers to the bill as originally filed, the court sustained the demurrers. Thereupon the complainant amended the original bill, and, as thus amended, the bill purported to be filed by L. V. White and E. S. White, "who filed this bill for the use and benefit of E. F. White." The facts averred in the amended bill were substantially the same as those averred in the original bill, and the prayer of the amended bill was the same. The respondent moved to strike the amended bill from the files, and, upon this motion being overruled, filed a demurrer thereto, assigning, in addition to the ground assigned to the original bill, that said amended bill, as amended, is unwarranted and unauthorized by any rule of equity pleading or practice; that said amended bill does not show sufficient privity between E. F. White, complainant in the original bill, and L. V. and E. S. White, the substituted complainants, to support it in equity; that the amendment does not give the complainant any right to relief in a court of equity. Upon the submission of the cause on the demurrers to the amended bill, the court sustained the demurrers, and, the complainant declining to amend further, his bill was dismissed. The present appeal is prosecuted by the complainants, who assign as error the decree of the court sustaining the demurrers to the

[White *et al.* for use &c. v. Simpson.]

original bill, and also the decree of the court sustaining the demurrers to the bill as amended.

GEORGE D. MOTTLEY, for the appellants—Every transferree may enforce the vendors lien on the lands, Code 1886, § 1 1764, and in his own name.—*Wells v. Morrow,* 38 Ala. 125. It will be enforced in favor of any subsequent holder who becomes rightfully the owner of the claim.—*Buford v. McCormick,* 57 Ala. 428. The vendor's lien is a mere incident of the debt and passes to the transferree of the debt.—*Woodall v. Kelley & Co.* 85 Ala. 368; *Kern et al. vs. Hazlerigg,* 11 Ind. 443; 2 Warvelle on Vendors, p. 712; *Day v. Preskett,* 40 Ala. 624.

A judgment against a garnishee constitues the execution creditors an assignee of the note as if the note had been regularly assigned to him by the act of the party. *Sessions v. Stevens,* 1 Fla. 233, s. c. 46 Am. Dec. 339. *The United States v. Robertson,* 5 (Pet.) U. S. 641.

Courts of law have no original jurisdiction to enforce liens and in the absence of statutory provisions conferring the remedy upon a court of law to enforce a lien created by the statute equity will take jurisdiction and enforce the lien.—*Enslen v. Wheeler* 98 Ala. 200. The amended bill filed in this case is a bill by the vendors of lands to enforce the vendors lien against their vendee; a bill filed by the vendors setting up a sale of the lands to the vendee, by the vendors, and that a part of the purchase money is unpaid and praying that a lien be declared on the lands, and that the balance of purchase money be made out of the lands, and that the same be paid to E. F. White, to satisfy the judgment against the vendors of the land in favor of said E. F. White.—*Kelly v. Payne,* 18 Ala. 371.

R. B. KELLY, for the appellee.—The amendment did not cure the defects of the original bill. The real plaintiff is the use plaintiff.—*Governor v. Davis,* 9 Ala. 917; *Stone v. Hale,* 17 Ala. 557; 1 Brick. Dig. 750, § 1659.

The court did not err in holding that the suit could not be maintained, for the following reasons: 1. The process of garnishment is a purely statutory proceeding.—8 Am. Eng. Encyc. of Law, 1098; *Hudmon v. Ins. Co.,* 72 Ala. 32; *Jones v. Crews,* 64 Ala. 371. 2.

[White *et al.* for use &c. v. Simpson.]

Only the *legal rights* of defendant and his equitable rights are reached and subjected by garnishment.— *Jones v. Crews, supra; Roby v. Labuzan,* 21 Ala. 60; 1 Brick. Dig., 175, § 313-14; *Henry v. Murphy,* 54 Ala. 246; 3. Courts of equity can not aid or supply defects of a statutory remedy.—1 Story's Equity. Jur. 61; *Phillips v. Nash,* 63 Ala. 414; *Chandler v. Hanna,* 73 Ala. 391; *Jenny v. Buell,* 55 Ala. 408.

BRICKELL, C. J.—The causes of demurrer directed to the validity of the judgment against the defendants in attachment, were not well taken. Mere defects or irregularities in the process or in the judgment against the defendant in attachment, are not available to a garnishee. 1 Brick, Dig. 182, § 405, It is only when the process is void, incapable of supporting, a judgment, or the judgment is void for a want of jurisdiction apparent on the face of the record, and of consequence not affording the garnishee protection against the claim or demand of the defendant in attachment, if he yields obedience to the separate judgment against himself, that he can be heard to impeach the one or the other. 1 Brick. Dig., 182, § 406. The judgment against the defendants in attachment would have been more regular and free from error, if it had recited that notice of the attachment and levy had been given in the mode and for the length of time prescribed by the statute. (Code, § 2936.) On error, the irregularity would not have been cured by the general recital in the judgment entry that legal notice by publication had been proved, and the judgment would have been reversed.—*Dow v. Whitman,* 36 Ala. 60ℓ; *Brinsfield v. Austin,* 39 Ala. 227. The court rendering the judgment is a court of general jurisdiction, and error or irregularities in the course of its proceedings do not affect the validity of its judgments when collaterally drawn in question; nor does the silence of its records create a presumption of a want of jurisdiction. Besides, if the defendants in attachment are properly joined as complainants, affirming or acquiescing in the judgment, the defendant, the garnishee, can not for them dispute its validity, or question its sufficiency for his protection, the only matter in which he has an interest.

A garnishment is essentially a statutory remedy;

though derived it is said from the customs of London, it is not a common law remedy, and would not in the absence of statutes authorizing it, exist here. It is not like summary statutory proceedings, in derogation of the course of the common law, subjected to a strict construction; it is a species of attachment, and falls within the influence of the statutory injunction, that ''the attachment law must be liberally construed to advance the manifest intent of the law.'' (Code, § 2998.) Originally, it pertained exclusively to courts of law, until authority to employ it as as a remedy to obtain satisfaction of decrees for the payment of money, was extended to the courts of probate and the courts of chancery. When employed by courts of law, it is intended to reach choses in action not capable of seizure through execution or attachment, or to compel the discovery of effects capable of seizure, in the possession of a third person. Fraud upon creditors of the defendant in attachment or judgment, not intervening, or being imputed, it operates only on the legal rights of the defendant; such rights as by an action at law, he could in his own name enforce. It is not intended, and it is not more adapted than any other legal remedy to reach, subject, or enforce equitable rights; rights the cognizance and enforcement of which lie within the province of a court of equity. As often described in the course of judicial decisions, especially when the purpose is to reach and subject choses in action, it is the institution of a suit by a creditor against the debtor of his debtor. 1 Brick Dig. 171, § 276. If the plaintiff is successful in the prosecution of the remedy, the judgment whether it be rendered on the answer of the garnishee admitting an indebtedness, or on the contest of an answer denying an indebtedness, or on the contest of the right of a third person to the indebtedness, is rendered for and in the name of the plaintiff, for an amount not exceeding his judgment against the defendant. (Code, §§ 2976, 2983, 2985.) So long as unreversed, the judgment which is aptly termed a judgment of condemnation, is conclusive as between the garnishee and the defendant. (Code, § 2993.)

The service of a garnishment creates a lien on the debt or demand due or owing from the garnishee, a lien which is inchoate, but is incapable of impairment by

any arrangement or transaction between the defendant and the garnishee, or by any act of either. The rendition of judgment of condemnation perfects the lien, and substitutes the plaintiff as a judgment creditor, to the place and stead of the original creditor, the defendant in judgment or attachment. In *Cottrell v. Varnum*, 5 Ala. 231, it was said by Collier, C. J., "By the service of a garnishment on a debtor of the defendant, the plaintiff acquired a lien on the debt for the satisfaction of his demand, which cannot be divested by any arrangement between the defendant and garnishee; and the judgment only consummates the legal transfer of so much of the garnishee's indebtedness as is condemned thereby to the payment of the plaintiff's demand." In *Huie v. Garrett*, 10 Ala. 299, Goldthwaite, J., speaking of a judgment against a garnishee, said: "By the judgment rendered against Garrett, as the debtor of Huie, the right to receive the debt, was transferred to Dewey, the creditor, and it became *quasi* his debt." In *Strong v. Smith*, 1 Metc. 476, Ch. J. Shaw said: "The trustee process," (the name by which the process corresponding to a garnishment, is known in Massachusetts,) "operates as a species of compulsory statute assignment, by which a creditor may obtain that by operation of law, which his debtor might voluntarily assign to him in payment of his debt." In *Campbell v. Nesbitt*, 7 Nebraska, 300, it was decided that an attachment of a debt secured by mortgage, gave the creditor the same right to enforce the mortgage for the payment of the debt, which the judgment debtor had previously.

The purpose of a garnishment is to compel the garnishee to pay to the plaintiff the debt he owed the defendant; and the operation and effect of the judgment of condemnation, is the substitution of the plaintiff as the creditor, in the stead and place of the defendant. Payment to him extinguishes the debt, as fully as payment to the defendant would have extinguished it, if made before the issue and notice of the garnishment. The change of creditors works no change in the obligation or incidents of the debt. These follow the debt, as they would follow, if the change had been wrought by the convention or agreement of the plaintiff and the defendant, instead of by the compulsory process of the law. If this was not true, the value of the process would be

lessened ; it would be circumscribed and narrowed for the benefit of the garnishee only, to the prejudice of the original and of the substituted creditor. The debt, the foundation of the judgment against the garnishee, was a legal demand; it was a promissory note payable to the defendants in attachment. But it is quite an error to suppose that where a creditor succeeds in condemning legal assets, he is confined to legal remedies to render them available ; he may pursue whatever of equitable remedies, any judgment creditor may pursue ; and if there is an equity inhering to the assets, that equity he may enforce.

A vendor of lands, in the absence of an agreement to the contrary, if he does not take some independent security, retains a lien for the payment of the purchase money, though he may execute an absolute conveyance to the vendee. The lien prevails against all succeeding to the estate of the vendee, other than *bona fide* purchasers for value without notice. It is an infirmity of title, to which the homestead exemption or estate, is by statute rendered subordinate. (Code, § 2509.) The lien is an incident to the debt contracted for the purchase money, passing to an assignee of the debt, and he may enforce it, as he could enforce a mortgage or other security taken by the assignor.—*Kelly v. Payne*, 18 Ala. 371 ; *Wells v. Morrow*, 38 Ala. 125 ; *Griffin v. Camack*, 36 Ala. 695 ; *Simpson v. McCallister*, 56 Ala. 228. Standing in the relation of assignee of the debt contracted for the purchase money of the land ; substituted to the place of the vendor, as the creditor of the vendee, the complainant is entitled to enforce the lien for the payment of the judgment against the defendant.

The vendors, the defendants in attachment, are obviously necessary parties. The judgment against them nor the judgment of condemnation against the defendant as garnishee, equal the balance of the unpaid purchase money. The lien of the vendors is an entirety ; it can not be enforced by piecemeal or by fragments. There are of consequence rights remaining in them which cannot be bound or affected by a decree rendered without their presence. Whether they can be properly joined as complainants, or whether for the want of identity or community of interest they are not improperly joined, is not a question raised by the demurrers,

but it is a question which should be carefully considered in the future progress of the cause.

The decree of the city court must be reversed, and a a decree entered overruling the demurrers, and remanding the cause for further proceedings in conformity to this opinion.