# Prinz, Exec. *v.* Weber.

*Attachment Suit.*

1. *Pleading and practice; recital and proof of notice of substitu-
   tion of lost record.*—On a motion made in a suit against a non-
   resident to substitute records and papers in said cause, which
   were lost, where it is shown that an order was made by the
   trial court that notice should be given to the non-resident
   defendant of the pendency of said application, by publication
   in a newspaper published in the county, and it is further
   shown that notice of the time and place of the hearing to sub-
   stitute the original papers in said cause had been duly given
   by publication for three successive weeks before the hearing
   in a weekly newspaper, published in said county, in accord-
   ance with the order of the court, such notice is sufficient to
   authorize a judgment of substitution upon proof of the con-
   tents of the lost papers.

2. *Same; certified minutes of trial court import verity on appeal; can not be expunged on ex parte affidavits.*—The minutes of the trial court as certified to the Supreme Court in the transcrips on an appeal import absolute verity; and their correctness can not be questioned by motion, supported by *ex parte* affidavits, to expunge the judgment entry in the case, because of irregularities on the part of the clerk in changing the minute entry as originally made.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

This suit was originated in a justice of the peace court by the suing out by the appellant of an attachment against the appellee, who was a non-resident. Upon this writ an attachment was levied upon certain lands, in the absence of personal property belonging to the defendants, upon which the levy could be made. In the justice of the peace court, a personal judgment was rendered against the non-resident defendant, and it was provided in said judgment that the lands levied upon were liable for the judgment rendered and should be sold according to the law of the State. Thereupon the transcript of the judgment and proceeedings in the justice of the peace court were certified to the circuit court. In the circuit court the defendant interposed a claim of homestead exemptions to the property levied upon. The plaintiff in the judgment filed a contest of such claim, and issue was made up for the purpose of trying the right of exemptions. The record and proceedings in the justice of the peace court, as certified to the circuit court, and the other papers filed in the circuit court were lost. By a proceeding before the justice of the peace, the record and proceedings had in the trial before him were substituted. During the trial of the contest of the claim of exemptions, the plaintiff offered in evidence the record, proceedings and papers that had been substituted before the justice of the peace who rendered the original judgment. The defendant objected to the introduction of these records and papers in evidence. The grounds of this objection, the rulings thereon and the facts pertaining thereto are sufficiently stated in the opinion.

Upon the plaintiff taking a non-suit, judgment was rendered in favor of the defendant for the costs. From this judgment the plaintiff appeals, and assigns as error the rulings of the court upon the evidence. In this court motion is made by the appellee to expunge certain. portions of the judgment entry in this case. To sustain this motion *ex parte* affidavits were filed.

GEORGE H. PARKER, for appellant, cited 13 Encyc. Pl. and Prac., 375; *Dozier v. Joyce,* 8 Port. 493; *Williams v. Powell,* 9 Port. 493; *Adkinson v. Keel,* 25 Ala. 551; *Pruitt v. Pruitt,* 43 Ala. 73, Code, § 3312.

J. B. BROWN, *contra.*—This is a statutory proceeding which originated in the justice court, and goes to the circuit court for an order of sale on motion. Code 1896, §§ 574, 1947, 1948 and 1949; *Johnson v. Dismukes,* 104 Ala. 520.

It is necessarily introduced in the circuit court on the motion docket, and the proceedings therein on appeal can only be made matters of record by bill of exceptions. *Leinkauff v. Tuscaloosa Co.,* 99 Ala. 619; *Tennessee &c. R. Co. v. East Ala. R. Co.,* 81 Ala. 94; *Wiggins v. Witherington & Co.,* 96 Ala. 535; *Baker v. Swift & Son.,* 87 Ala. 530; *A. G. S. R. R. R. Co. v. Bailey,* 112 Ala. 167.

I deem it unnecessary to cite authorities in support of the second proposition stated. Courts are too solicitous in preserving their records from unscrupulous tampering and unauthorized alterations. The law limits the power of courts to change or alter the records, and seeks to preserve fixedness and certainty.—*Kahn v. Haas,* 95 Ala. 478. The unauthorized entry made by the clerk cannot be treated as a memorandum, but the conduct of the clerk is highly reprehensible and should be condemned in the strongest terms.—*Frieder v. Goodman,* 101 Ala. 242; *Baker v. Swift & Son,* 87 Ala. 530.

The rules of law governing where an appeal is prosecuted by the defendant from the judgment of a justice of the peace, do not apply here. This case is not carried into the circuit court by appeal but by the regular statutory course. The circuit court has no jurisdiction

to find these facts to exist, from *ex parte* affidavits, but the proceeding in the justice court must be regular and show a valid judgment before the jurisdiction of the circuit court attaches.    The judgment of the justice of the peace is void.—Code 1896, § 1449; *Diston & Sons v. Hood*, 83 Ala. 332; *Johnson v. Dismukes*, 104 Ala. 520; *Jones v. Calloway*, 56 Ala. 49.

HARALSON, J.—When the claim of exemptions of the defendant came on to be tried in the circuit court, the plaintiff offered the proceedings and papers that had been substituted before the justice, Fuller.    The defendant objected to their introduction, on the grounds, 1st and 2d in substance the same, because notice of the substitution of papers was not sufficient to authorize judgment of substitution in justice's court; 3d.    Because they were not original papers, but were substituted papers and were irrelevant and immaterial; 4th, because notice from justice of the peace was issued to Max Merx, publisher of the Alabama Tribune.    The court sustained all these grounds of objection except the 3d, to which ruling the plaintiff excepted and took a non-suit with a bill of exceptions.    It will be observed, that the objection to the evidence raised and passed on by the court, was not that it was illegal and irrelevant, but on grounds, simply questioning the regularity of the proceedings of substitution before the justice.    The court sustained these grounds and based its decision on them.    We must confine our decision to the grounds of objection raised.

It appears from the bill of exceptions, that on June 9th, 1892, the complainant made his motion in said Justice Fuller's court to substitute said papers, and the defendant being a non-resident, it was ordered that notice should be given to her, of the pendency of said application by publication in the "Alabama Tribune," a newspaper published in Cullman, and the trial was adjourned until after such notice should be given.    On the 13th of February thereafter, the cause having been continued until then, the justice rendered his order substituting said papers.    In the minute entry of the judgment, it is

recited, "it being shown to the satisfaction of the court that notice of the time and place of this hearing to substitute the original papers in said cause has been duly given by publication of a notice thereof for three successive weeks in the 'Alabama Tribune,' a weekly newspaper published in said county, in accordance with the former order of this court, and that said notice was so given before February 8th, 1892," etc.—judgment of substitution was rendered. A copy of the notice and an affidavit of its publication according to the order thereof, made by the publisher of the "Alabama Tribune," are set out in the bill of exceptions. This notice, and its publication appear to be full and sufficient, and was not subject to the objection raised against it.—*Meyer v. Keith*, 99 Ala. 519; *Disilon v. Hood*, 83 Ala. 331; Code, § 2649.

The 4th, and only other ground of objection, was, as we have seen, that the notice from the justice of the peace was issued to Max Merx, publisher of the "Alabama Tribune." This objection as appears is without foundation in fact, and was improperly sustained. The objections were improperly sustained.

2. The motion here made, on *ex parte* affidavits, to expunge the judgment entry in this case, because as alleged the clerk of the court, after adjournment of the term, struck out the original and approved minutes, and inserted in lieu thereof another and different judgment, cannot be granted. The minutes of the court as certified to us in the transcript import absolute verity and their correctness cannot be questioned in the manner attempted in this case.—12 Am. & Eng. Encyc. Law, 147, V., 149; 1 Black on Judgments, §§ 246, 273, 276, 368; *U. S. v. Throckmorton*, 98 U. S. 61. If it is desired to correct the judgment, so as to restore the one originally entered, for the reasons set out in the motion and affidavits to here expunge from the transcript the judgment entry appearing as certified, it should be done by another proceeding instituted for the purpose.

The judgment will be reversed, an order here entered setting aside the non-suit, and remanding the cause.

*Reversed, non-suit set aside, and remanded.*