# Trammell *v.* Guy.

### *Assumpsit.*

(Decided May 9, 1907.   44 South. 37.)

*Attachment; Non Resident; Judgment by Default; Recitals.*—To sustain a judgment by default against a non-resident defendant in attachment proceedings it must appear from the judgment entry that notice of publication was given as required by section 531, Code 1896. where the notice was by publication.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN PELHAM.

Attachment by H. B. Guy against L. B. Trammell, a non-resident defendant, with notice by publication. From a judgment by default which fails to recite the fact that notice by publication was given, the defendant appeals.   Reversed and remanded.

JAMES A. EMBRY, for appellant.—The judgment entry must recite that notice was given by publication and the proof of same.—*Diston v. Hood*, 83 Ala. 331; *Meyer & Co. v. Keith*, 99 Ala. 519; *Dowe v. Whitley*, 36 Ala. 604; *Keifer v. Barney*, 31 Ala. 193; 23 Ala. 797; 16 Ala. 233; 11 Ala. 608.

F. R. MATTHEW, for appellee.—It is well established as a general rule that a court cannot open or vacate a judgment rendered at a previous term where the only ground upon which such action is invoked is that the judgment is erroneous in point of law.—17 A. & E. Ency. of Law, p. 37; *Dick v. Wickelman,* 77 Fed. 853; *Brown v. Bennett,* 55 Ga. 189; 98 Cal. 247; 31 Vt. 385; 37 Wis. 262. The court will indulge the presumption that the sheriff's levy was in substntialy complance with the statute.—60 Ala. 413.

McCLELLAN, J.—This suit was commenced by attachment to enforce a money demand. The defendant (appellant) is a nonresident. The writ was levied on certain lands, the property of the defendant. There was no appearance of the defendant; but it appears from the record that notice by publication was given in a newspaper, and that defendant's place of residence in the state of Texas was unknown. The judgment, which was by default, simply adjudges a recovery against the defendant for the sum claimed, and condemns the property seized to the satisfaction of the judgment.

The point is made that the judgment does not show such a compliance with section 531 of the Code of 1896 as will support a judgment by default. The criticism is well taken. The jurisdiction, in addition to an actual levy, to warrant a judgment of default, is only obtained by the giving of the notice required by the section mentioned; and it has been well decided that the fact that such notice has been given must appear in the judgment entry, else a judgment by default cannot be rendered.— *Diston v. Hood,* 83 Ala. 331, 3 South. 746; *Meyer v. Keith,* 99 Ala. 519, 13 South. 500; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268, 275-279, 28 South. 640.

The judgment must therefore be reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.