# McMahan *v.* Browne.

### *Assumpsit.*

(Decided February 12, 1914.　64 South. 553.)

1. *Appeal and Error; Record; Jurisdiction.*—Where a notice to a defendant is constructive only, and he does not appear, the record on appeal must show that the fact showing a compliance with the statute were proven to and found by the court.

2. *Judgment; Process; Collateral Attack.*—A general recital in a judgment entry of legal notice by publication in an action against a non-resident defendant, by attachment under section 2931, Code 1907, is sufficient on collateral attack, although not reciting the mailing of the required notice, or that the address of defendant could not be ascertained.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Attachment by C. B. McMahan against N. B. Browne. There was judgment for plaintiff which was set aside on defendant's motion and plaintiff appeals.　Reversed and rendered.

(Transferred from Court of Appeals.)

E. O. McCORD, for appellant.　The judgment was sufficient as against collateral attack.—Sec. 2931, Code 1907; *Diston v. Hood,* 83 Ala. 331.

W. J. BOYKIN, for appellee.　The action of the court in setting aside the judgment should be affirmed on the authority of *Wilmerding v. Corbin B. Co.,* 126 Ala. 269.

SOMERVILLE, J.—The notice prescribed by section 2931 of the Code for nonresident defendants in attachment is that upon the return of the writ "the clerk shall cause a notice of the attachment and levy on the defendant's property to be advertised, once a week for three

consecutive weeks, in some newspaper, a copy of which must be sent by mail to the defendant, *if his residence is known or can be ascertained.*"

. The judgment entry in this case is: "On this the 15th day of January, 1912, comes the plaintiff by attorneys and shows to the court that the defendant is a nonresident of the state of Alabama, and that he had notice of the nature of this suit and description of the property attached, by publication in the Gadsden Evening Journal (a newspaper published in Gadsden, Etowah county, Alabama) once a week for three (3) consecutive weeks, and the defendant being solemnly called," etc.—followed by judgment for an ascertained amount, and an order condemning in due form the property attached.

On April 22, 1912, on motion of the defendant then made, the trial court set aside and annulled this judgment, and also two subsidiary judgments rendered against certain garnishees on February 22d and 29th, respectively.

The theory of the trial court seems to have been that these judgments were void on their faces by reason of the failure of the original judgment entry to recite, either that a copy of the publication was mailed to the defendant, or that his residence was unknown; and we infer from the argument of counsel that the order of vacation is founded upon the supposed authority of *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268, 28 South. 640.

The following rules are well established by our decisions:

(1) Where the notice to a defendant is constructive only, and he does not appear, the facts constituting a compliance with the statute must be proved to and found by the court to have been done; and, on appeal,

the record ·must show it.—*Diston v. Hood,* 83 Ala. 331, 3 South. 746, citing· numerous cases; *White v. Simpson,* 107 Ala. 386, 392, 18 South. 151; *Trammell v. Guy,* 151 Ala. 311, 44 South. 37.

(2) On collateral attack a general recital in the judgment entry of legal notice by publication is sufficient to support the judgment.—*White v. Simpson,* 107 Ala. 386, 18 South. 151; s. c., 124 Ala. 238, 27 South. 297; *Soulard v. Vacuum Oil Co.,* 109 Ala. 387, 19 South. 414.

In *Diston v. Hood,* 83 Ala. 331, 332, 3 South. 746, 747. where there was only a general recital of notice by publication in the judgment entry, Judge STONE said: "It would be much more satisfactory if the record also showed · that a copy of the notice was sent by mail ;to the defendant, or that his residence was unknown, and could not be ascertained. This latter proposition is not intended to be declared to be an indispensable prerequisite; but the first is, under all our rulings."

We are of the opinion that the strictly conditional requirement of mailing a copy of the publication to the defendant at his residence need not be shown by the record, unless the record also shows the existence of the condition which alone demands it, viz.: That the residence of the defendant is known or ascertainable— and this whether the inquiry arises directly. or collaterally. The case of *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268, 28 South. 640, went no further than this, if indeed it was not founded primarily on the absence of a sufficient *publication.* Certainly, in the absence of record evidence that such residence was known, or ascertainable from the record, it will not be affirmatively presumed, in order to invalidate the judgment, that the clerk had such knowledge, and disobeyed the mandate of the statute.

Here the record does not show that the residence of the defendant was known to the clerk, or that he could

have ascertained it from the record, and there was no reason apparent to the trial court why judgment should not be rendered; and the statute does not contemplate an investigation of the matter by the court dehors the record. The trial court erred in annulling the several judgments as shown by the transcript, and its judgment of vacation will be set aside.

Reversed and rendered.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.