# Herrick *v.* Herrick.

### *Assumpsit.*

(Decided April 23, 1914. 65 South. 146.)

1. *Attachment; Courts; Construction.*—Attachment proceedings were unknown to the common law and are purely statutory, and the statutes authorizing and regulating such proceeding are strictly construed in favor of those against whom they are directed; hence, jurisdictional facts must appear of record, and no presumptions are indulged in favor of jurisdiction, and the jurisdiction exercised by the superior court does not extend beyond what is expressly shown.

2. *Same; Non-Resident Defendant; Record; Statute.*—Under section 2931, Code 1907, a default judgment against a non-resident defendant, begun by attachment was valid, although the record did not affirmatively show that a copy of the notices or advertisements was mailed to defendant; it not being necessary for the record to affirmatively show either that a copy of the advertisement was mailed to defendant or that his residence was unknown.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Assumpsit by Luther M. Herrick against Annie V. Herrick, a non-resident defendant begun by attachment. There was default judgment for plaintiff and defendant appeals.  Affirmed.

THOMPSON & THOMPSON, and GUY M. THOMPSON, for appellant.  The notice required by the attachment statute is jurisdictional, and without it the court cannot render a judgment by default, or make an order condemning property.—*Wilmerding v. Corbin B. Co.*, 126 Ala. 268; § 2931, Code 1907.  Attachments are strictly construed and no presumptions are indulged in favor of the jurisdiction of the court to render judgment thereon.—*Pullman C. Co. v. Harrison*, 112 Ala. 149.  It therefore appears that the judgment by default was invalid.

A. LEO OBERDORFER, for appellee.  The judgment was valid, and appellant's contention as to the operation of § 2931, cannot be upheld.—*McMahan v. Brown*, 64 South. 553.

MAYFIELD, J.—The sole question presented by this appeal is whether or not a judgment by default is void, where the suit was against a nonresident, and was begun by attachment, and the record fails to affirmatively show *that a copy of the notice or advertisement was sent by mail to the defendant.*

The statute regulating the notice, service, and publication, in such actions begun by attachment, reads as follows:  "When an attachhment is sued out against a nonresident of the state, the writ shall be returned to the clerk of the court as soon as levied upon the property of the defendant, and thereupon the clerk shall cause a notice of the attachment and levy on the defendant's

property to be advertised, once a week for three succes-sive weeks, in some newspaper, a copy of which must be sent by mail to the defendant, if his residence is known or can be ascertained; and if such publication is perfected twenty days before the next term of the court, the case shall stand for trial at that term; otherwise, at the succeeding term, or any other term after the per-fection of such publication twenty days prior thereto."—Code, § 2931.

The appellant (defendant below) contends that: "She never had any notice of the attachment until she made her motion to set the judgment aside. The minute entry of the judgment of default states everything pre-scribed by the statute to give the court jurisdiction un-til it gets down to the following words: * * * A copy of which [referring to the advertisement] must be sent by mail to the defendant, if his residence is known or can be ascertained.'" Appellant contends further that, "in order for the court to have jurisdiction, the minute entry should show and there must be proven that the newspaper containing the advertisement was sent by mail to the defendant, and, if not, some excuse must be given for not sending it."

Attachment procedings are statutory, being unknown at the common law. Attachment is in some respects both a harsh and an extraordinary remedy, and for this reason statutes authorizing and regulating the proceed-ings are construed strictly in favor of those against whom such statutes are employed. In such proceedings no presumptions are indulged in favor of jurisdiction—the jurisdictional facts must appear of record. The jurisdiction exercised by superior courts in such cases is special and statutory, and nothing is intended to be within their jurisdiction in such special and statutory proceedings but that which is expressly shown.—*Pull-*

*man Palace Car Co. v. Harrison,* 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68.

Applying this strict rule of construction, we hold that jurisdiction is made to affirmatively appear. It is not necessary to support a judgment in such case that the record should affirmatively show one of the two things—that a copy of the advertisement was *mailed to the defendant,* or *that his residence is unknown or cannot be ascertained.*

The exact question was decided in the case of *Mc-Mahan v. Browne,* 185 Ala. 272, 64 South. 553. The recitals of the record in that case were almost identical with the recitals in this case. In that case we said: "We are of the opinion that the strictly conditional requirement of mailing a copy of the publication to the defendant at his residence need not be shown by the record, unless the record also shows the existence of the condition which alone demands it, viz.: That the residence of the defendant is known or ascertainable, and this whether the inquiry arises directly or collaterally. The case of *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268, 28 South. 640, went no further than this, if indeed it was not founded primarily on the absence of a sufficient *publication.* Certainly, in the absence of record evidence that such residence was known or ascertainable from the record, it will not be affirmatively presumed, in order to invalidate the judgment, that the clerk had such knowledge and disobeyed the mandate of the statute. Here the record does not show that the residence of the defendant was known to the clerk, or that he could have ascertained it from the record, and there was no reason apparent to the trial court why judgment should not be rendered, and the statute does not contemplate an investigation of the matter by the court dehors the record."

[Union Marine Ins. Co. v. Charlie's Transfer Co.]

It follows that the trial court ruled correctly. There is no error in the record, and the judgment is affirmed. Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.