# Worrell *v.* The State.

### Substituting Record in Criminal Case.

(Decided August 1, 1916.   72 South. 601.)

1. **Records; Correction; Procedure.**—The provisions of § 5744, Code 1907, referred to all proceedings under the preceding sections of chap. 132 of the Code, whether the cause was then pending or not.

2. **Same; Substituting Evidence.**—Upon a motion to substitute a lost paper in evidence, the court may receive affidavits or oral or written evidence.

[Worrell v. The State.]

3. **Appeal and Error; Review; Bringing up Evidence.**—Where the appeal is from an order substituting a paper in the record, the question whether the paper was properly a part of the record will not be reviewed unless all the evidence is presented by a bill of exceptions.

4. **Record; Lost; Notice.**—Unless the defendant and his attorney are non residents of the county, which fact must be found by the court and entered in the order, the provisions of § 5740, Code 1907, require that notice of motion to substitute a paper must be given to defendant or his attorney, accompanied by a copy of the paper offered as a substitute, at least one day before the hearing of the motion; in this case, it not appearing that defendant or his attorney were non residents of the county, the mere filing of the motion was not sufficient.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

DeWitt Worrell was under indictment, and the state offered, before proceeding to trial, to substitute a part of the record. The court granted the motion and defendant appeals. Reversed and remanded.

W. O. MULKY, for appellant. W. L. MARTIN, Attorney General, and C. D. CARMICHEAL, for the State.

BROWN, J.— (1-3) This is an appeal under section 5744, Code 1907, from an order of the circuit court substituting a part of the record in a pending cause. On a like appeal under the provisions of section 2652 of the Code of 1896, corresponding with section 5744, supra, it was ruled that an appeal would not lie under that section in advance of final judgment in the cause. —*Ala. City, Gadsden & Attalla Ry. Co. v. Ventress,* 149 Ala. 658, 42 South. 1017. Section 2652 of the Code of 1896 provided for an appeal only from "any order of a court of record, granting or refusing substitution under the preceding section," and that was construed to refer to section 2649 of the Code of 1896, authorizing substitution in disposed of causes. In bringing this section forward in Code 1907, the word "sections" is used, and manifestly for the purpose of authorizing an appeal from the order of substitution in any of the proceedings authorized by any of the preceding sections of chapter 132 of the Code, whether the cause was then pending or not. On the hearing of a motion to substitute, it is the province of the court to inquire as to the former existence and contents of the alleged lost record or paper which is proposed to be substituted, and it may receive affidavits or other legitimate evidence oral or written, touching the ques-

tion at issue.—*Whitney v. Jasper Land Co.,* 119 Ala. 497, 24 South. 259; *Pruit v. Pruit,* 43 Ala. 73. And on appeal from an order of substitution, the question as to whether the paper substituted was properly a part of the record will not be reviewed, in the absence of a bill of exceptions setting out all the evidence.

(4) There is no pretense that the defendant was served with notice of the proceedings, other than the filing of the motion with the clerk and the entry thereof upon the motion docket. Such notice is not sufficient where the defendant or his attorney resides in the county. In such cases the statute requires one day's notice to the party or his attorney.—Code 1907, § 5740. Here the validity of the judgment against direct attack is dependent upon constructive notice, and, in such cases "the facts constituting a compliance with the statute must be proved to and found by the court to have been done; and on appeal the record must show it."—*McMahan v. Browne,* 185 Ala. 272, 64 South. 553; *Diston v. Hood,* 83 Ala. 331, 3 South. 746.

There is nothing in the order of the court showing that the defendant or his solicitor were not residents of the county. If the defendant or his attorney resided in the county, one day's notice, "accompanied with a copy of the paper offered as a substitute," was essential to sustain the order of substitution. It is only where the defendant and his attorney or solicitor are nonresidents of the county that notice may be given by filing the motion; and the fact of such nonresidence must be found by the court and entered in the order.—Code 1907, § 5740; *McMahan v. Browne, supra.*

The order of substitution is reversed and annulled and the cause remanded for further proceedings in accordance with the statute.

**Reversed and remanded.**