194 So. 494

### SNODGRASS v. EDMUNDSON et al.
### 8 Div. 34.

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Denied March 21, 1940.

Milo Moody, of Scottsboro, for appellant.

Proctor & Snodgrass and Jas. M. Proctor, all of Scottsboro, for appellees.

KNIGHT, Justice.

This is the second appeal in this case. Edmundson et al. v. Snodgrass, 237 Ala. 426, 187 So. 191. On the former appeal the interlocutory decree of the circuit court overruling the demurrers of the respondents to the amended bill of complaint was reversed, and a decree was here rendered sustaining the demurrers.

On remandment of the cause, the complainant again amended the bill, and to the bill as last amended the respondents again demurred, and the demurrer was sustained by the court, and from this decree complainant prosecutes the present appeal.

The only question presented by this appeal, as on the former appeal is whether

the complainant, widow of one John Skelton who died in 1931, is barred of her right to dower "under the limitations of section 7450, Code."

At the time we held, on former appeal, that the demurrers were improperly overruled, the bill, in section two, contained this averment: "The complainant alleges that on or about the first day of March 1898, one R. S. Skelton obtained a judgment against the said John Skelton and on said judgment execution was issued against said Skelton and the sheriff on or about the 10th day of May, 1898, sold all the aforesaid real estate under said execution and at said sale one J. C. Jacobs becoming the purchaser." We held that such sale was "an alienation within the terms of section 7450, Code, and that the bill shows on its face that the claim of complainant was barred by the limitations there provided." On this appeal no attack is made on our former conclusion and judgment.

After the reversal, the complainant amended Section two of her bill by averring in substance that the suit in which the judgment was rendered against her said husband, who was at the time a non-resident of the state, was commenced by attachment, and that no notice of the levy by the sheriff or of the publication were "ever served in any way upon the defendant, John Skelton, by mailing him a notice of the levy or any notice to him as required by law." It is also averred that the post-office address of the defendant was well known to the plaintiff, and "perhaps by no one else, and that the said defendant, John Skelton, never knew to the day he died that his said property had been sold;" and that complainant did not know "the property had been sold until she came back to this county in the year 1937, at which time she filed this bill for her dower in said property". She alleges, therefore, "that the whole proceeding was a fraud in law and equity."

In support of her contention that the judgment was a nullity, the complainant cites and relies on the case of Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 So. 640.

It must be borne in mind that this is a collateral attack upon the judgment rendered against complainant's said husband, nearly 40 years after its rendition.

The contention of complainant, as set forth in the last stated amendment, and on brief here filed, is that the proceedings were void, and the judgment a mere nullity, because the minutes of the court rendering the judgment do not show that "notice of the levy by the sheriff or of the publication was ever served upon the defendant, John Skelton, by mailing him a notice of the levy or any notice to him as required by law."

■■ It was long since decided in this jurisdiction that it is not necessary to sustain a judgment by default, where the suit was against a nonresident, and which was commenced by attachment, that the record should affirmatively show that a copy of the notice or advertisement was sent by mail to the defendant, unless the record showed that the place of residence of defendant was known to the clerk of the court, or ascertainable by him. Herrick v. Herrick, 186 Ala. 439, 65 So. 146; McMahan v. Browne, 185 Ala. 272, 64 So. 553; Diston v. Hood, 83 Ala. 331, 332, 3 So. 746, 747. The statute, Section 531 of the Code of 1896, then in force, did not contemplate, or require the trial court to make an investigation as to whether the place of residence of a nonresident defendant was known to the clerk or was ascertainable by him. McMahan v. Browne, supra.

■ We hold, therefore, that the judgment, under which the property was sold, was not rendered void because of the failure of the judgment entry of the court to affirmatively show that a copy of the published notice of the attachment and levy was sent by mail to the defendant. This is really the only objection here urged against the validity of said judgment, and the sale made thereunder.

It is to be noted that the judgment, in form, is a personal judgment, but it also condemns to the satisfaction of the ascertained debt the property attached, and for the purpose of selling said property, the issuance of a writ of venditioni exponas is ordered. Before a sale of the property attached could be ordered, the court had to ascertain that there was a debt due plaintiff, and the amount thereof. To this extent the judgment was valid, and the sale of the attached and condemned property, in satisfaction of the ascertained debt, was also valid. Exchange National Bank of Spokane v. Clement, 109 Ala. 270, 19 So. 814.

We are at the conclusion, therefore, that the bill, as last amended, shows on its face that the complainant is barred of her right to dower, in the property described in the bill, by her failure to assert such right with-

in three years after the date of the death of her husband. Code, § 7450.

The court committed no error in sustaining respondents' demurrers, and its decree in this respect is due to be affirmed.

The appellees will take nothing by their cross-assignments of error.

Affirmed on original and cross-appeals.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.