# Melton *v.* Andrews.

*Bill in Equity for Assignment of Dower.*

1.   *Widow's statutory quarantine.*—The widow's statutory quarantine, or right to retain possession, free of rent, until dower is assigned to her (Code, § 2238), is confined to the dwelling-house in which her husband most usually resided next before his death, with the offices and buildings appurtenant thereto, and the plantation connected therewith.

2.   *Dower in lands aliened by husband, or sold under execution against him.*—When dower is claimed in lands which were aliened by the husband in his life-time, or sold under execution against him, and the purchaser has erected valuable improvements, the widow is entitled to a money decree for the interest on one-third of the value of the land at the time of the alienation, to be paid to her annually during her life (Code, § 2249) ; and a lien on the lands should be declared in her favor, for the payment of this sum as specified.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 16th August, 1883, by Mrs. Mary Andrews, the widow of Henry Andrews, deceased, against Mrs. Susan A. Melton and Dallas Melton ; and sought an allotment of dower in a certain tract of land, containing 142 acres, which was described as " the south-east quarter of section twenty-two (22), township twenty (20), range twenty-one (21), except a narrow strip one hundred yards wide," with rents from the death of her husband.   Said Henry Adams died in February, 1882.   The lands in which dower was claimed had been sold under execution against him, in February, 1876, W. P. Geddes becoming the purchaser; and he having afterwards sold and conveyed to Eugene Andrews and H. T. Andrews, the land was redeemed from them by Mrs. Melton, as a judgment creditor of said Henry Andrews.   The original bill asked an assignment of dower by metes and bounds; but, the defendants having answered, alleging the erection of valuable improvements by them, the prayer of the bill was amended, by asking a money decree for the interest on one-third of the value of the land, with one-third of the rents from the death of her husband.   The cause being submitted for decree on bill and answer, the chancellor ordered a reference to the register, to ascertain the value of the lands at the time of the sale under execution, the value of the improvements afterwards erected thereon, and the rental value from the death of the husband.

[Melton v. Andrews.]

The register reported that the value of the land, at the time of the sale under execution, was $2.50 per acre; that the improvements erected by the defendants were worth $304.37; that the rental value of the land, from the death of said Andrews to the 9th April, 1884, amounted to $82.30; and that the annual interest on one-third the value of the land was $9.45. The report was confirmed, without objection; and the chancellor then rendered a final decree for the complainant, for $9.45 each year (unless the parties agreed on a sum in gross), for which a lien on the land was declared, and a money decree for said sum of $82.30. The defendants appeal from th's decree, and here assign it as error.

WATTS & SON, for appellant.

STONE, C. J.—This case is unaffected by section 2238 of the Code of 1876. The lands in which dower is demanded, were not in possession of demandant's husband at the time of his death, nor for several years before. They were not his dwelling-place, nor a plantation connected therewith. It follows, that Mrs. Andrews was not entitled to the possession until her dower was assigned her.—*Ogbourne v. Ogbourne*, 60 Ala. 616.

Section 2249 of the Code determines the *quantum* of interest the demandant is entitled to—namely, the interest on one-third of the value of the land at the time of the alienation, to be paid to her annually during her life. The register reported annual interest on one-third of the value to be nine 45-100 dollars; and his report was confirmed without exception. That sum ($9.45) was due to the demandant on the first day of January, 1883, and a like sum on the first day of January, 1884, each to bear interest until paid. The same sum will be due complainant on the first day of January in each succeeding year, during her lifetime; and a lien is declared on the lands—the south-east quarter of section 22, township 20, range 21, in Elmore county, less the strip one hundred yards wide—to secure the full performance of this decree. See *Wood v. Morgan*, 56 Ala. 397; *Steele v. Brown*, 70 Ala. 235.

The decree of the chancellor is reversed, and here remanded, as declared above. Let the costs of the court below be equally divided between complainant and defendants, and the costs of the appeal be paid by appellee.