CASE 102—ACTION BY P. S. DAMRON AGAINST W. J. DAMRON, FOR AN INJUNCTION.—FEB. 9.

# Damron v. Damron.

APPEAL FROM PIKE CIRCUIT COURT—A. J. KIRK, CIRCUIT JUDGE

JUDGMENT FOR PLAINTIFF.   DEFENDANT APPEALS.   AFFIRMED.

EASEMENTS—WAY OF NECESSITY—EXECUTOR'S SALE—INJUNCTION—JURISDICTION.

1. Jurisdiction of the circuit court to entertain a suit to enjoin obstruction of an existing right of way is not affected by Kentucky Statutes, 1903, section 4348, giving county courts jurisdiction to open, by condemnation, a private way.
2. An execution sale of part of a tract of land without an exit carries with it a right of way of necessity over the remainder.

ROSCOE VANOVER, ATTORNEY FOR APPELLANT.

Appellant affirms:
1. That the court erred in sustaining the demurrer to his answer.
2. That the circuit court has no jurisdiction to locate and establish roads and passways.
3. That the judgment appealed from is erroneous because the passway was not made by commissioners, and the exact metes and bounds, courses and distances, and width of same not being given by the judgment.
4. That there is no necessity for a passway over his land to

Damron v. Damron.

enable appellee to reach the land upon which no one lives, and taking appellant's land for same is in violation of his constitutional rights to acquire and hold property   Kentucky Statutes, sec. 4348; Shake v. Frazier, 14 R., 798.

N. J. AUXIER, ATTORNEY FOR APPELLEE.

That the plaintiff is entitled to a way over defendant's land goes without saying, there being no possible or practicable way out except over defendant's land, and when a right of way arises in this manner, the courts very properly give the owner of the servient estate the right to locate the way, but if he fail to locate it in a reasonable time, the owner of the dominant estate has the right to make the location.   Ballard's Real Estate Statute, page 352, sec. 394; citing Boone on Real Property, sec. 143, and cases cited.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant was the owner of a boundary of land consisting of two adjoining tracts.   They were both located on the same small stream, one farther up than the other.   Owing to the mountainous condition of the country, the only practicable way to get to or from the upper tract was to pass along the valley by way of the lower tract.   There was no public road or other passway to the upper tract.   The upper tract was sold under execution against appellant, and appellee bought it.   This suit involves the right of appellee to pass over appellant's other land so as to get to and from that which he bought.   The suit was brought by appellee in the circuit court  to restrain appellant from interfering with appellee's using a natural and reasonable route over the lower tract so as to reach the upper one.   The circuit court granted the relief.

Appellant insists that the circuit court had not jurisdiction of the case, relying upon section 4348, Ky. St., 1903, which confers jurisdiction upon county courts to open private passways, by condemnation, over the land of another, to enable one having no other accessible route to attend

Damron v. Damron.

courts, elections, the meeting house, mill, ferry, railroad depot, etc. But that section does not apply to this proceeding at all. This is not an effort to condemn a passway, but to enjoin the obstruction of one already in existence. Of this action the circuit court alone had the original jurisdiction.

The defense rested upon the fact that appellee was not shown to reside on his land, nor did he have a tenant upon it. From this it is argued that there was no necessity for the passway to enable him to discharge his civic duties as by attending court, elections, meetings, etc., citing Shake v. Frazier, 94 Ky., 143, 21 S. W., 583, 14 Ky. Law Rep., 798; Cody v. Rider, 1 S. W., 2, 8 Ky. Law Rep., 52. But appellee's right asserted in this case rests upon an entirely different principle. It is elementary law that where the owner of land sells a part with no outlet to a public highway or to a private passway which may rightfully be used in connection with the parcel sold, it is implied that the vendor grants to his vendee a right of way over his remaining lands to enable the latter to get to and from the part sold to him. Without the easement the part sold and conveyed would be useless to the purchaser. Hence there passes to the grantee those easements necessary to the enjoyment of the part conveyed.

A sale of a part of the owner's tenement by the sheriff for debt is an involuntary conveyance by the owner of the parcel sold and conveyed. In law the sheriff is the owner's proxy in making the conveyance. The sheriff's deed actually conveys the owner's title to the property embraced, including easements and quasi easements appurtenant to the land sold. If the situation be such that the parcel sold can not be enjoyed except by the use of an easement over the debtor's remaining parcel, it must be implied that the

debtor, by the sheriff, sold and granted such easement over the parcel not sold as was essential to the use and enjoyment of the part that was sold.   In such case the owner of the servient estate ought to have the right of selection, if reasonably exercised, and within a reasonable time; otherwise the owner of the dominant estate may select such route. In this case no such selection having been made, and being refused by appellant the chancellor properly selected the route most natural and accessible.

The judgment is affirmed.