187 So. 191

### EDMUNDSON et al. v. SNODGRASS.

8 Div. 950.

Supreme Court of Alabama.

Feb. 16, 1939.

Rehearing Denied March 16, 1939.

Proctor & Snodgrass, of Scottsboro, for appellants.

Milo Moody, of Scottsboro, for appellee.

FOSTER, Justice.

The question in this case is whether the complainant, a widow, is barred of her right to dower under the limitations of section 7450, Code.

Her husband's land was sold in 1898 under execution against him, his wife not being a party to the judgment and sale. He died on June 28, 1931. This bill was filed against those who hold from the purchaser at such execution sale, on November 15, 1937, more than three years after her husband died.

She is barred by that limitation if an execution sale by the sheriff is an alienation of the land, either voluntary or involuntary, since it applies to protect such alienee, and the question is controlled by the status of the law at the time of the death of her husband. Robertson v. Robertson, 191 Ala. 297, 68 So. 52.

In the Code of 1896, section 1528, and in prior Codes, the words "voluntary or involuntary," as they were inserted in the Code of 1907, section 3837, and as they now appear in section 7450 of the Code of 1923, did not precede the word "alienee" in that connection.

The theory of appellee is that a sheriff's deed is not an alienation by the husband, either voluntary or involuntary, and, therefore, that the statute does not bar her of her right, since her bill was filed within the other period fixed by the statute, which is ten years and applies except against an alienee, voluntary or involuntary, of her husband. We are cited to three Alabama cases on the subject. Wood v. Morgan, 56 Ala. 397; Melton v. Andrews, 76 Ala. 586.

The case of Melton v. Andrews, supra, related to section 2249, Code of 1876, or 7449, Code of 1923, to determine that the widow was entitled to interest on one-third of the value of the land at the time of alienation. It was held that "alienation" meant a sale by a sheriff on execution against her husband. It then did not have as now the words "voluntary or involuntary" before alienation. And in Wood v. Morgan, supra, with reference to the same Code section, the same result was given effect. Those cases indulge the assumption that such a sale was an alienation by the husband.

The third case is Humes v. Scruggs, 64 Ala. 40. That seems to imply that when a sale is made by an assignee in bankruptcy, and deed executed, the purchaser may be within the statute as an alienee, but that the assignee in bankruptcy was not an alienee, though it was a voluntary proceeding, because he stood in the right of the bankrupt.

Going to other jurisdictions, we find the case cited by appellant of Butler v. Fitzgerald, 43 Neb. 192, 61 N.W. 640, 27 L.R.A. 252, 47 Am.St.Rep. 741, is directly in point. The question was one of dower. The statute referred to an alienation by the husband, but did not use the words voluntary or involuntary as does our statute. But the issue depended upon whether a sheriff's execution sale against the husband was an alienation by him. It was said that alienations mentioned in the statute embraced those which were "indirect" as well as those which were "direct," though the statute did not use either term.

And the case of Damron v. Damron, 119 Ky. 806, 84 S.W. 747, in a case which involved a question dependent upon whether a landlord and owner had alienated his land (but in which dower was not involved), held that a sale by the sheriff on execution against the land and owner is an involuntary conveyance by him of it, and the purchaser has the rights and benefits which an alienee of it has in law. The question related to the right of such alienee to a way of necessity over the other land of the execution debtor.

We think that such a sale is an alienation within the terms of section 7450, Code, and that the bill shows on its face that the claim of complainant was barred by the limitations there provided.

By an amendment to the bill complainant makes George Edmundson and George C. Edmundson respondents, but does not allege that they own or claim any interest in the land through the sheriff's sale or otherwise. They have demurred to the bill because it does not show that they are proper parties. We see no reason why this demurrer is not well taken, as well as that filed by those alleged to hold under the purchaser at the sheriff's sale.

It follows that in our opinion the decree was erroneous, that the demurrers should have been sustained. It is therefore reversed and one is here rendered sustaining the demurrers to the bill, and remanding the cause for further proceedings.

Reversed, rendered and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.