| 23 | 797 |
| 106 | 176 |

## CULLUM ET AL. vs. BRANCH BANK AT MOBILE.

1. When the record shows that the residence of a non-resident defendant is known, it must also show that a copy of the order of publication was sent to him by mail within forty days from the time it was made; and the omission of this will reverse the decree on error.

2. The removal of a trustee from the State, without having executed the trust confided to him, gives the Court of Chancery authority to execute it.

3. When a mortgage is assigned by the principal debtor to a trustee for the protection of his surety, with authority to collect the mortgage notes and pay the debt out of the proceeds on default being made in its payment, the creditor is entitled to the benefit of the security.

4. When a debt is secured by the assignment of a mortgage, the security is not impaired by the statute of limitations barring a recovery on the note.

5. Nor does the renewal of the note affect the security, although no express understanding is made in relation to its continuing.

6. When a creditor, whose debt is secured by the assignment of a mortgage, purchases a judgment which constitutes a prior lien on the mortgaged premises, at the request of his debtor, and with the express understanding that it shall be tacked to the mortgage and paid out of the fund, he is entitled in eqnity to have it tacked to his mortgage and paid out of the fund.

ERROR to the Chancery Court of Mobile.

Heard before the Hon. J. W. LESESNE.

THE bill was filed by the Branch Bank at Mobile against the plaintiffs in error, to foreclose a mortgage. The facts sufficiently appear from the opinion.

CAMPBELL & CHANDLER, for plaintiffs in error.

HOPKINS & JONES and JOHN T. TAYLOR, contra.

GOLDTHWAI IE, J. —The record shows that the residence of one of the non-resident defendants was known, and the proof of publication as to him was deficient, as the affidavits did not show that the copy of the order of publication was sent to him by mail, within forty days from the time it was made.—Butler v. Butler, 11 Ala. 668. As the order of publication must be renewed, it is unnecessary to consider the other questions raised, as to the want of service of the amendments to the bill on the non-resident defendants, or as to whether the proof of publication was deficient on other grounds than that already noticed. For this error the case must be reversed; but it is proper, with a view to its future direction, that we should consider some of the other assignments.

Upon the merits, the case made by the bill, answers and evidence, is as follows: Charles Cullum was indebted to the complainant below by note, on wnich George Cullum was his accommodation endorser, and John K. Collins was indebted to Charles Cullum by certain promissory notes secured by mortgage; this mortgage Charles Cullum assigned to Gayle, cashier of the complainant, and his successors, upon condition that he should hold the same as security for George Cullum on account of his endorsement, and with authority, if the note due

by Charles Cullum was not paid, to collect the notes secured by the mortgage, and pay the same out of the proceeds ; when this note became due it was renewed by a new note of Charles Cullum, endorsed by George Cullum, and the old note was given up; the new note thus taken was not paid, and at the time of filing the original bill was barred by the statute of limitations; Gayle had left the State, without executing the trust, and Collins had paid no part of the mortgage notes. It further appears that one Waring was the owner of a judgment against Charles Cullum, which was a prior lien upon the mortgaged premises, which was about to be enforced against the same; and that this judgment was purchased by the complainant to protect its interests, upon the application of Charles Cullum, who consented that the judgment should be tacked to the mortgage, and also gave his consent in writing to the issue of an execution on the same without revival by *scire facias*. The Chancellor directed an account to be taken of the amount due upon the note and the judgment, a sale of the mortgaged premises if such amount was not paid by a day named in the decree, and payment of such amount to be made out of the proceeds.

The case thus made, we think, would have sustained a decree of foreclosure, and the payment of both the note and the judgment out of the proceeds of the sale. The fact that Gayle had left the State, without executing the trust which had been confided to him, gave the Court of Chancery authority to execute it.—1 Story's Eq. § 98. As to the trust itself, although it was made for the protection of George Cullum, yet that was not the only object. It was also made for the better protection of the debt, as is evidenced most clearly by the authority given in the assignment to collect the mortgage notes, and out of the proceeds to pay the note of Charles Cullum, on his failure to pay the same; and it certainly requires no authority to show that, in such a case, the creditor is entitled to the benefit of the security. This court has sustained the principle, in cases not as strong as the one under consideration.—Toulmin v. Hamilton, 7 Ala. 367; Ohio Life Ins. Co. v. Ledyard, 8 *ib*. 866. Nor does it make the slightest difference, that the note is barred by the statute of limitations. So far as George Cullum is concerned, the creditor's right to the security does not depend upon the liability of the surety to be damnified, but upon the fact

that the assignment was made to protect the debt.—Ohio Life
Ins. Co. v. Ledyard, *supra*. The security is not impaired as to
Charles Cullum, for the reason that the statute of limitations,
in cases of contract, affects the remedy only, without discharg-
ing the debt.—Duval's Heirs v. McLoskey, 1 Ala. 710; Jones
v. Jones, 18 *ib*. 248.

It is also equally clear, that the security afforded by the as-
signment of the mortgage was not lost by the renewal of the
note of Charles Cullum, although there may have been no ex-
press understanding in relation to the security continuing. The
debt was the same, although it was evidenced by a new note;
and equity, in such cases, looks to the debt, and not to the
shape it may assume.—Conner v. Banks, 18 Ala. 40.

In relation to the complainant's right to have satisfaction out
of the mortgaged property for the amount of the judgment, we
also entertain no doubt. The owner of the judgment, Waring,
had a prior lien on this property, and, as the evidence shows,
was threatening to enforce it; and the evidence also shows, that it
was taken by the Bank in order to protect itself, and to pre-
serve the rights which it had acquired under the assignment
of the mortgage of Collins. In addition to this, it was taken at
the request of Charles Cullum, and with the express understand-
ing that it should be tacked to the mortgage and paid out of
that fund. Under these circumstances, the case is a stronger
one than that to which the Chancellor refers in his decree, The
Silver Lake Bank v. North, 4 Johns. Ch. 370; and it would be
contrary to equity, to refuse to do that which the parties them-
selves agreed on, and which may have exerted some influence in
inducing the complainant to become the purchaser of the judg-
ment.

For the error above noticed, the decree of the Chancellor is
reversed, at the cost of the defendants in error, and the cause
remanded.