## The Columbia Bank v. Rebecca S. Jacobs.

The interest of a mortgagee in lands is not subject to attachment.

Where lands are conveyed by deed absolute on its face, for the purpose of securing a debt, and a written defeasance is given back by the grantee, and the deed is recorded but the defeasance is not, such defeasance is not made void by the statute (*Comp. L.* § 2751), except as to purchasers for a valuable consideration, without actual notice of its existence.

An attaching creditor is not a *purchaser* within the meaning of the recording laws, until the property attached has been sold in pursuance of law, and purchased in by him.

The provision in the attachment law, that "Real estate shall be bound, and the attachment shall be a lien thereon, from the time when it was attached, if a certified copy of the attachment, with a description of such real estate, shall be deposited in the office of the Register of Deeds" "within three days after such real estate was attached," only gives the creditor a lien on the debtor's attachable interest in the lands, and in no way interferes with the previously acquired rights of third persons.

*Heard June 4th, 5th and 6th. Decided July 14th.*

COLUMBIA BANK *v.* JACOBS.

Appeal in Chancery from Wayne Circuit. The case, so far as necessary to an understanding of the points decided, is stated in the opinion.

*G. E. Hand,* for complainant :

1. *There was an attachable interest.*

At the time the attachment of the Columbia Bank was levied, and the lien thereunder fixed on the lands attached, there was an attachable interest therein, in Cyrus H. Jacobs.

The deed of George B. Russell and wife to Cyrus H. Jacobs, of the land attached, bearing date the first of April, 1854, was an absolute conveyance in terms, and was recorded as such in the records of deeds.

At the time said attachment was levied, no deed of defeasance, or other instrument for that purpose, had been recorded in the registry of deeds, and said Bank had no notice of any deed of defeasance or other instrument whereby said absolute deed was made, or intended to be made, defeasible. See *Comp. Laws, p.* 843, § 32.

Under this state of facts, the interest and estate of said Jacobs in said lands was, by force of Russell's absolute deed, an absolute estate in fee simple; and such it was, as to the Bank, to all intents and purposes, at the time said attachment was levied, and the lien thereunder fixed on said lands; and so the said estate and interest of said Jacobs in said lands *were liable to be attached and held at the suit of the Columbia Bank.*

That Russell's deed to Jacobs "purports to be an absolute conveyance in terms " (see *Comp. L. p.* 842), is unquestionable and admitted. It was recorded in the book for recording deeds, whereas all " deeds intended as securities " were required to be recorded in the book for record of mortgages.—*Comp. L. p.* 842, §§ 24, 25 and 26.

2. *The attachment holds the lands.*

An attachment of land as the property of the debtor, defendant in attachment, to whom conveyance thereof has

been made by an absolute recorded deed, will, in the absence of actual notice, hold the land, as against a defeasance which is not recorded until after the lien on the land under the attachment has become fixed, in pursuance of the statute.

*Such attachment seizes upon and holds a fee, and not a mortgage interest;* and this by force of the statute. — 5 *Pick.* 450; 7 *Pick.* 157; 11 *Metc.* 244; 2 *Mich.* 207; 6 *Cush.* 170.

The Columbia Bank occupies this position.

It has attached lands granted by deed, recorded in the registry of deeds, to the defendant absolutely in fee; and its attachment has, by force of the statute, become a lien on the land attached (and has obtained judgment, and thereunder levied execution upon the lands attached), the while, no defeasance of said absolute deed was of record, and the Bank had no notice that said absolute deed was intended as a mortgage. *The lien by attachment thus obtained can not be overridden or defeated by a subsequently disclosed defeasance.*

The statute is explicit, that under such circumstances the "*original conveyance shall not be thereby defeated or affected.*" The · original conveyance would not only be affected, but absolutely defeated, as an absolute deed to Jacobs, if this subsequently disclosed defeasance could be allowed to have a retrospective effect, and defeat this attachment lien. If more were needed, this precise point has arisen and been adjudicated in Massachusetts, whence comes § 32 verbatim, and also our attachment law in substance.

*Newhall v. Pierce*, 5 *Pick.* 450, was the case of an attachment levied on lands, an absolute deed of record to the attachment debtor, the maker of the deed remaining in possession, and a defeasance recorded soon after the attachment was levied, showing it to have been intended as a mortgage; held, by force of the section of Massachusetts statute, of which § 32 is a verbatim copy, that the attachment held the land unaffected by the defeasance. So in *Newhall v. Burt*, 7 *Pick.* 157, which was a similar case.

In *Pomroy v. Stevens*, 11 *Metc.* 244, an attachment had been levied upon land, and before execution was issued, a prior conveyance from the attachment debtor was recorded. *Held*, under a section of Massachusetts statute of which *R. S.* 1838, *p.* 260, §25, is a copy, that the attachment held the land against the prior deed not recorded until after attachment levied. This decision was cited as authority, approved and followed, in *Hubbard v. Smith*, 2 *Mich.* 207. In the latter case (*p.* 209), the court held a prior unrecord ed deed was of no validity or effect, as against a subsequent grantee without actual notice. The same construction of the same terms in § 32 makes the unrecorded defeasance to Russell of no validity or effect against the attachment lien of the Bank.

The Massachusetts cases, being decisions of the mother of our statutes touching attachments, have been recognized by our courts, and thus the construction of our statute fixed, if subject to any question before, which, however, the terms of our statute are too explicit to admit.

*C. I. Walker*, for defendant, to the point that the interest of Cyrus H. Jacobs, being that of mortgagee only, was not subject to attachment, cited 1 *Hill. on Mortg.* 184; *Drake on Attach.* § 229; 24 *Me.* 185; 32 *Me.* 142; 16 *Mass.* 345; 3 *Pick.* 484.

MANNING J.:

The bill is to remove a cloud on the title of Cyrus H. Jacobs to lands attached as his by complainant, before proceeding to sell the same on execution in the attachment suit — the alleged cloud consisting in a claim the defendant Rebecca S. Jacobs, wife of the said Cyrus H. Jacobs, has to the land in question, under a conveyance thereof to her by her husband, in nature of a post-nuptial settlement, or separate provision made for her by her husband. To entitle complainant to the relief asked, two things must be established: 1st. An attachable interest in the land in question

in Cyrus H. Jacobs previous to the conveyance to his wife; and 2d. The invalidity of the post-nuptial conveyance, for the purpose stated, in a court of equity.

It appears from the pleadings and proofs that the lands attached were conveyed by George B. Russell and wife to Cyrus H. Jacobs, as security for $10,000 Russell loaned of Jacobs — Russell at the time giving Jacobs his bond for the $10,000, and Jacobs executing and delivering to Russell a writing stating that the conveyance was given as security for the loan, and promising to re-convey the land on the payment of the $10,000 and interest. The conveyance and defeasance taken together, and construed as one instrument, are a mortgage, and nothing more. This is conceded — and the first of the two questions to be considered involves the effect to be given to an unregistered defeasance, where the property has been attached without actual notice to the attaching creditor of the defeasance.

The conveyance from Russell to Jacobs was recorded, but the defeasance was not; and the Bank insists it had no knowledge of the existence of the defeasance when the land was attached, and that it therefore has a lien on the land for the payment of its debt, discharged of the defeasance, and of all rights growing up under it.

"When a deed purports to be an absolute conveyance in terms, but is made, or intended to be made defeasible by force of a deed of defeasance, or other instrument for that purpose, the original conveyance shall not be thereby defeated or affected, as against any person other than the maker of the defeasance, or his heirs or devisees, or persons having actual notice thereof, unless the instrument of defeasance shall have been recorded in the registry of deeds of the county where the lands lie."—*Comp. L.* § 2751.

This section must be construed with the other sections in the same chapter, providing for the registry of conveyances of real estate, and must be understood as declaring

all such deeds of defeasance or other instruments void, when not recorded, against purchasers for a valuable consideration without actual notice of their existence. The registry law is for the protection of purchasers in good faith for a valuable consideration, against prior secret conveyances. It makes no mention of attaching or judgment execution creditors, who must stand on their common law or statutory rights, independent of the registry statute. They are not purchasers within its meaning, and can not claim the benefit of its provisions until the property attached or levied on has been sold, in pursuance of law, and has been purchased in by them. Then, and not before, they are purchasers within the statute, and entitled to all its benefits.

The attachment law provides that "Real estate shall be bound, and the attachment shall be a lien thereon, from the time when it was attached, if a certified copy of the attachment, with a description of such real estate, shall be deposited in the office of the register of deeds in the county where the same is situated, within three days after such real estate was attached, otherwise such attachment shall be a lien thereon only from the time when such certified copy shall be so deposited."— *Comp. L.* § 4751.

This section, when it has been complied with, only gives the attaching creditor a lien on the land attached. Unlike the registry law, it in no circumstances gives such lien a priority over pre-existing rights, as its object is not like the registry law to protect purchasers, but to secure the property attached to satisfy any judgment the party suing out the attachment may afterwards obtain against the defendant in attachment. It is a lien to the same extent as a levy on the land with an execution would be a lien, provided a judgment is obtained in the attachment suit, and a bond has not been given for the release of the property, as provided for in the other sections of the act— §§ 4754, 4755, 4756. A lien to this extent was necessary

to .give effect to the attachment proceedings, which otherwise might be rendered nugatory by· a sale of the property before judgment by the defendant in attachment. While the statute takes from the debtor his right to sell, or make other disposition of the property to the prejudice of the attaching creditor, it in no way interferes with the previously acquired rights of third persons.

Jacobs' interest in the land attached, as shown by the defeasance, was that of a mortgagee, which is not attachable; and complainant not being a purchaser for a valuable consideration without notice of the defeasance, is not in a position to question the validity of the transfer of the mortgage interest by Jacobs to his wife. It is unnecessary, therefore, for us to go into this part of the case, and improper that we should do so, if the rights of Mrs. Jacobs are to be drawn in question without the proper parties before us.

The decree of the Court below dismissing the bill is affirmed, with costs.

·MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. was absent. ⎸