# Andrews *et al.* v. Ford.

*Bill in Equity for the Enforcement of a Trust.*

1. *Assignments; jurisdiction of equity to enforce trust.*—When the assignee in a deed of trust for the benefit of creditors accepts the trust, and after entering upon the discharge of the duties thereby imposed, removes from the State and abandons the execution of the trust and is guilty of unfaithfulness in its administration, a creditor of the assignor, having rights under the deed of assignment, can maintain a bill in equity against the assignee and the sureties on his bond for the enforcement and execution of the trust.

2. *Same; same.*—Where, in a bill filed by a creditor against the assignee of an insolvent debtor corporation, to enforce a trust under the deed of assignment and to collect a debt due from the assignor, it is alleged that the corporation was indebted to the complainant for money loaned to it as evidenced by a promissory note, the fact that the note evidencing the debt and attached as an exhibit to the bill purports to be made by another corporation, can not defeat the complainant's right to relief, when the averments of the bill and the proof show, independently of the note, that the corporation making the assignment was indebted to the complainant in the amount sought to be collected.

[Andrews *et al.* v. Ford.]

3. *Same; same; insolvent corporation not a necessary party.*—Where an insolvent corporation executes a deed of assignment to all of its property for the benefit of its creditors, the insolvent corporation is not a necessary party to a bill filed by one of its creditors against the assignee and the sureties on his bond to compel the enforcement of the trust.

4. *Same; validity of assignee's bond.*—Where an assignee under a deed of assignment for the benefit of creditors, before entering upon the discharge of the trust and in advance of an order of court based upon the application of a creditor executes a bond with sureties, payable to the assignor instead of to the register of the court as required by statute (Code, § § 3549-3551), and conditioned that he should "well and faithfully perform all the duties as such assignee and pay such damages as may accrue from his failure to do so," the bond thus executed is a binding common law obligation, and may be enforced by a creditor of the assignor in a suit against the assignee and his sureties.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on December 1, 1893, by the appellee, J. T. Ford, against the appellant, I. W. Andrews, as assignee, and the sureties on his bond. The bill averred that the Farmers' Alliance Exchange of Chambers County, was doing business in Chambers county during the years 1891, 1892 and until April 6, 1893, as a body corporate, buying and selling merchandise, &c.; that I. W. Andrews was the general manager of the said Alliance Exchange, and that in the year 1891 the Farmers' Alliance Exchange of Chambers County borrowed from the complainant a large amount of money; that on April 6, 1893, the said Exchange, being insolvent, executed a deed of assignment of all its property to I. W. Andrews, as assignee, for the benefit of all its creditors; that I. W. Andrews accepted the trust, and before entering upon its duties, he executed a bond for the true and faithful performance of the duties of said trust, with the other respondents as sureties thereon. The bill averred further, that said Andrews has not been faithful to his trust, has failed to perform the duties enjoined upon him by the deed of assignment and that after selling the stock of goods conveyed to him by the Farmers' Alliance Exchange of Chambers County for a large sum of money, he left the State without liquidating any of the indebtedness of the said Exchange, and refused to pay the claims of the complainant, al-

though requested to do so ; and that at the time of the filing of the bill he was a resident of the State of Georgia.

The prayer of the bill was for the enforcement of the trust, and that the said I. W. Andrews, assignee and trustee, and the other respondents, as sureties on his bond, should pay over the trust funds into the court, and that upon on accounting being had, under the direction of the chancellor, a decree should be rendered in favor of the complainant for such part thereof as was just and equitable.

There was attached to the bill, as an exhibit thereto, the note which the complainant averred in his bill had been given to him as an evidence of the indebtedness of the Farmers' Alliance Exchange of Chambers County. This exhibit showed that the note was executed by I. W. Andrews "as manager for the stockholders of the Alliance Exchange and Store of LaFayette, Ala," to the complainant for the debt averred in the bill.

The respondents demurred to the bill on the grounds : 1st, that the complainant had a full, adequate and complete remedy at law ; 2d, it was not shown in the deed of assignment that the bond was required of the assignee ; 3d, that the bill is repugnant, in that it avers a debt to the complainant from the Farmers' Alliance Exchange of Chambers County, and the exhibit to the bill shows that the note was given by the "Alliance Exchange and Store of LaFayette, Alabama ;" 4th, the Farmers' Alliance Exchange of Chambers County is a necessary party.

Upon the submission of the cause, upon this demurrer the chancellor overruled it. The respondents appeal, and assign this decree of the chancellor as error.

E. M. OLIVER, for appellant.—The bill does not show a necessity for the claimant to resort to chancery.— Story's Eq. Pleading, § 240. There was inconsistency in the averments of the bill, in that it seeks to enforce against the assignee a claim which is alleged to be due by one corporation, but the evidence of the claim which is attached as an exhibit to the bill shows a claim due by a different corporation.

The bill does not aver that the two concerns are the same, and it does not appear that the particular corpor-

[Andrews *et al.* v. Ford.]

ation which made the deed of assignment to Andrews was intended by the description in the note attached as an exhibit to the bill.—4 Amer. & Eng. Encyc. of Law, 203, 204, 205, note 1.

The Farmers Alliance Exchange of Chambers County should have been made a party to the bill.—Story's Equity Pleading, § 149.

DOWDELL & DUKE, *contra.*—The bill contained equity, and the chancery court had jurisdiction of the subject matter.—*Cullom v. Branch Bank*, 23 Ala. 797 ; *Crouse v. Frothingham*, 97 N. Y. 105 ; Burrill on Assignment, 748, § 466. It was not necessary for the Farmers Alliance Exchange of Chambers County to have been made a party to the suit. This corporation was the assignor, was insolvent and had parted with all its interest in its assets.—1 Daniel's Chancery Pleading & Practice, 255 ; *Watts v. Gayle*, 20 Ala. 817 ; *Frierson v. Travis*, 39 Ala. 155 ; *Fulgham v. Herstein*, 77 Ala. 498.

The assignee in giving bond did that which any corporation creditor could have required him to do under the statute.—Code, § 3549. And this bond, though not a statutory bond, was a binding common law obligation, and could be enforced.—*Burnett v. Nesmith*, 62 Ala. 265.

HARALSON, J.—1. It is insisted, that the bill does not show by positive averments any necessity for complainant to resort to the court of chancery. It does aver, that the assignee had moved out of the State and abandoned the business entrusted to him, which itself is enough to authorize the court to assume the administration of the trust (*Cullom v. Branch Bank*, 23 Ala. 797) ; and the averments of the palpable unfaithfulness of the assignee otherwise in the administration of the trust could hardly be more specific than they have been made in the fourth paragraph of the bill.

2. It is objected by demurrer, that "the bill and exhibits show that complainant's claim is not against the Farmers Alliance Exchange of Chambers County, but against a different concern, to-wit, The Alliance Exchange and Store of LaFayette, Ala;" and that the bill is repugnant in its averments, as alleging a note from said F. A. E. of Chambers County—a party to the bill— and the note executed is not by said Exchange, "but by another and different concern."

Without reference to said note, and the obligations arising on it—whether it is the note of said "Farmers Alliance Exchange of Chambers County" or of another—the averments of the bill are very unmistakable, that said corporation owed the complainant, on the 14th day of February, 1893, a debt of $1,100, as a balance due on a loan of $2,200, theretofore made by him to said corporation, which debt exists independently of said note, and to collect which, the complainant had the right to file this bill.

3. The objection is urged that the defendant corporation should have been made a party defendant to the bill. But it is shown that the corporation assigned everything it owned for the benefit of its creditors, that it is utterly insolvent, and has no further interest in the matter. There was no necessity, therefore, to make it a party defendant.—1 Dan'l Ch. Pl., 255 ; Story Eq. Pl., 153 ; *Watts v. Gayle*, 20 Ala. 817 ; *Fulgham v. Herstein*, 77 Ala. 498.

4. The assignee, before entering on the discharge of his duties as such, entered into a bond, payable to the said corporation, conditioned, that he "should well and faithfully perform all the duties as such assignee and pay such damages as may accrue from his failure to do so." This bond was evidently intended to be in compliance with the statute which authorizes a creditor of the assignor to require a bond "for the faithful administration of the trust ;" but, it was made in advance of an order of the court, based on an application of a creditor that it should be made, and it is payable to the corporation, instead of to the register of the court.—Code, §§ 3549–3551. It recites, as one of its conditions, that said corporation had, that "day made and executed a deed of assignment for the benefit of all its creditors, naming the said I. W. Andrews, as assignee," and after reciting that he had joined in the deed of assignment, as a party thereto, and the same had been delivered to him, and he had accepted the trust thereby created, then followed the other condition above quoted. The bond is not conditioned in all respects, nor is it payable, as required by the statute to make it a statutory bond ; but, it is none the less a valid common law bond, and its obligations may be enforced in this suit for a violation thereof.—3 Brick. Dig. 98, § 1. If it had not been made, the cred-

itors might have demanded the giving of one, such as the statute allowed; and having entered into this bond for the faithful administration of the trust, the assignee and his sureties will not be allowed to set up the defense against liability on the bond, that it is not in all respects statutory. Having assumed jurisdiction of the settlement of this trust, the court will not stop short of ascertaining and enforcing the liabilities of the sureties on said bond. There was no error in overruling the demurrer to the bill.

Affirmed.