WYANDOTTE BREWING CO. *v.* HARTFORD FIRE-INSUR-
ANCE CO.

FIRE INSURANCE—STANDARD POLICY—OWNERSHIP OF LAND—VER-
BAL APPLICATION—EFFECT.

Where a Michigan standard policy, insuring a building against
fire, is issued, in response to a verbal application therefor, in
which nothing is said about the ownership of the land on
which the building stands, and the land belongs to another
than insured, of which neither the insurer nor its agent has
notice, the policy is void, though the insured has no knowl-
edge of the provision as to ownership of the land, and puts
the policy away without reading it.

Error to Wayne; Hosmer, J. Submitted January 31,
1906. (Docket No. 38.) Decided July 3, 1906.

Assumpsit by the Wyandotte Brewing Company against
the Hartford Fire-Insurance Company on a policy of in-
surance. There was judgment for plaintiff on a verdict
directed by the court, and defendant brings error.
Reversed.

*Maybury, Lucking, Emmons & Helfman,* for appel-
lants.

*Charles H. Marr (Dickinson, Stevenson, Cullen,
Warren & Butzel,* of counsel), for appellee.

McALVAY, J. Suit was brought by plaintiff upon a
fire-insurance policy of the Michigan standard form for
the sum of $600, issued by defendant to plaintiff November
29, 1902, for one year, and covered the ice houses of plain-
tiff on Detroit river in Wyandotte, Mich. The applica-
tion for insurance was verbal. The lots upon which the
buildings stood were not owned by plaintiff, but were
occupied by it as lessee. The land belonged to the Marx
estate when the policy was issued and was subsequently

partitioned. Nothing was said by either party at the time the policy issued relative to the title or interest of plaintiff in and to the land upon which the property was located. Marx, president of defendant company, accepted the policy without reading or examining it, placed it in his safe and retained it, and claimed he never knew its contents. Upon the partition proceedings Nicholas Marx and John Marx each acquired title to one of these lots. They were brothers of Frank Marx, president of plaintiff company, who purchased John's lot. He was unable to agree with Nicholas as to the rent, which was to be thereafter paid by plaintiff, for the ground on which one of the ice houses stood. Nicholas Marx ordered the ice house removed from his lot. Plaintiff agreed to do this by December 1, 1903. The fire which destroyed the ice houses occurred November 17, 1903. After the fire there was attached to the policy the following rider:

"It is hereby understood and agreed that the interest of the Wyandotte Brewing Co. covered in policy number 20,919 is assigned to Frank Marx * * * and is his property exclusively."

The same statement was made in the proofs of the loss. The declaration in the case alleged relative to the foregoing assignment that this "indorsement attached to said policy of insurance was attached by defendant's agent under a mistaken idea of the facts in the case, and said indorsement was not authorized by the plaintiff or its officers until after said fire had occurred.

Defendant denied plaintiff's right to recover, upon the following grounds:

1. Because the building insured was upon "ground not owned by the insured in fee simple," and no written "agreement" thereof was indorsed on the policy as required by the terms thereof.

2. Because title to the ground on which the insured buildings stood changed after issuance of the policy and no written "agreement" of the change was indorsed on the policy, as required by the terms thereof.

3. Because the policy had been assigned before suit to

Frank Marx; a bill in equity is necessary to correct the claimed mistake before liability of defendant to plaintiff becomes fixed.

4. No proofs of loss were furnished within the time required by the policy.

At the close of the case each party moved the court for an instructed verdict, which was denied. It appearing that the questions involved were questions of law, by stipulation the jury were excused, and the parties agreed that the case be submitted on briefs to the court to be determined by him, and a verdict entered, as if the jury were present. The court directed a verdict in favor of plaintiff, and judgment was entered for the amount of the policy and interest.

The principal error relied upon by defendant as a reason for reversing this judgment is that the court erred in not holding that the policy was void for the reason that the building insured was "on ground not owned by the insured in fee simple, and no written agreement thereof was indorsed on the policy as required by its terms." The policy sued upon was the regular Michigan standard policy, and the clause relied upon by defendant reads:

" This entire policy unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple."

It is an admitted fact in this case that plaintiff never owned the ground upon which the buildings were located. The buildings, as the proofs show, were owned by plaintiff, and were located on leased ground. At the time the insurance was placed, nothing at all was said by either party as to the title to the ground. No questions were asked by defendant's agent, and no representations made by plaintiff. There was no written application. As far as the record shows, defendant or its agent had no knowledge of the condition of the title to the ground. The court, in his decision, held that the case at bar was controlled by the cases of *Hall* v. *Insurance Co.*, 93 Mich.

184 (18 L. R. A. 135), and *Hoose* v. *Insurance Co.*, 84
Mich. 309 (11 L. R. A. 340). The contention of defend-
ant is that the case is distinguishable from these cases; that
the application was verbal; that the policy was issued by
defendant and accepted by plaintiff without objection and
that he is bound by the terms of his contract—citing
*Wierengo* v. *Insurance Co.*, 98 Mich. 621.

The cases above mentioned and other cases before this
court have discussed this clause of the Michigan standard
policy referred to. The question in the *Wierengo Case*
appears to be the same question involved in this suit. The
insurance in that case was secured upon a verbal applica-
tion. No terms of the contract were mentioned except
the amount. Upon the receipt of the policy neither the
insured nor her agent read it, and did not read it until
after the fire. The policy was the Michigan standard
policy for $1,000 containing the same clause as to title to
land and mortgages on personalty as in this case. It
covered a stock of merchandise upon which, at the time,
there was a chattel mortgage for over $1,200. Neither
defendant nor its agent had any knowledge of this mort-
gage at the time the policy issued. Justice GRANT, speak-
ing for the court, said:

> "In this case, where there was no written application
> nor any terms of the policy agreed upon by parol except
> the amount, the insured must be charged with knowledge
> that the policy he receives contains the contract, binding
> upon him as well as the insurer. He must know that the
> policy, which is the contract, contains the usual terms of
> such instruments. He may not lay it aside without read-
> ing, and when he seeks to recover upon it, and finds that,
> under its plain provisions, he cannot recover, say: 'I did
> not read it. The insurer did not tell me what it contained.
> I did not know that it was necessary to tell him about the
> title and condition of my property, and therefore I am not
> bound by its terms.' Had Mr. Pearson or his principal
> read the contract—which he could have done in a few
> moments—they would at once have known these plain
> and important conditions, which the defendant had the
> clear right to insert, and to make a condition of its valid-

ity. Certainly the insured must be held to some degree of diligence in obtaining knowledge of the contracts to which they are parties. Ignorance will not relieve a party from his contract obligations. The law only relieves him therefrom in cases of fraud, mistake, waiver, or estoppel. An insurer is not required by the law to inquire into the condition of the title to the property insured, or to inform the insured of all the conditions and terms of the policy to be issued, or to read it to him, or inform him of its contents. When received and accepted without objection, he must be bound by its terms unless these terms are waived by the insurer. This is the law of contracts, and there is no reason or authority for holding that an insurance contract is an exception thereto."

We think this is decisive of the question before us, and unless the cases relied upon by the court, and other cases cited by counsel for plaintiff, overrule it, we consider the question as to the construction of the part of the contract under consideration settled in this State. The fact that in this case the question is as to the title to the ground upon which the insured buildings were situated, and in the case just cited was as to a chattel mortgage on personal property makes no difference. ·Each requirement is of equal binding force as a part of the same stipulation in the contract. The only distinction being as to the class of property to which each applies. The following authorities are in accord with the opinion above quoted: *Security Ins. Co.* v. *Mette,* 27 Ill. App. 324; *Phenix Ins. Co.* v. *Searles,* 100 Ga. 97; *Dumas* v. *Insurance Co.,* 12 App. Cas. (D. C.) 245 (40 L. R. A. 358).

A review of the cases claimed by plaintiff as contrary to or overruling the *Wierengo Case,* supra, will, we think, disclose that such is not the fact. In *Hoose* v. *Insurance Co.,* supra, opinion by CHAMPLIN, C. J., defendant, among other reasons, denied plaintiff's right to recover because she was not sole and unconditional owner of the property and did not own the ground, upon which the insured building stood, in fee simple, in violation of the conditions of the policy. The policy covered the

building, stock of groceries, and so forth, and store furniture and fixtures contained in the building.  The policy as to the real estate interest reads:

"Insure Mrs. Margaret Hoose to the amount of  *  *  *  one thousand dollars on the two-story frame building occupied as a grocery store and dwelling situated on the northwest corner of Milwaukee and Beaubien Sts., Detroit, Mich.,  *  *  *  against all such immediate loss or damage sustained by the assured as may occur by fire to the property above specified, but not exceeding the interest of the assured in the property."

At the time the insurance was written, she held under a land contract and there was a mortgage on the premises.  The application was verbal, and it was claimed, and the jury found specially, that defendant's agent had been told, and knew at the time the policy issued, the condition of the title.  This court held that such verbal statements became a part of the contract, and the finding of the jury was conclusive upon defendant that it had knowledge of the condition of the title.  In construing the clause in the policy relative to the title to the ground on which the building stood, which is the same as in the policy in the suit at bar, the court says:

"In construing this portion of the policy the whole must be taken together.  Now the object sought to be accomplished by the person applying for insurance was to obtain indemnity against loss by fire of her interest in the building.  If the insurance company which made out this policy, upon the verbal application to its agent, had desired to know what interest it was insuring in should have stated it in that part of the policy pertaining to the risk."

And further:

"Construing this portion of the policy with the testimony in the case, and with the fact that the company issued the policy to Mrs. Hoose without stating in the policy what her interest was, but insuring the building against loss by fire to an amount not exceeding the interest of the assured in the property, we think it must be held that the defendant understood the condition of the title and intended to insure whatever interest Mrs. Hoose had which

was insurable, not exceeding the amount named in the policy."

The court also held that the requirements of the policy as to indorsements of changes of title referred only to such changes as arose after its delivery and acceptance.

In *Hall* v. *Insurance Co.* (opinion by McGRATH, J.), supra, the suit was brought by an assignee of the policy. This assignment was made by the consent of the company and defendant's agent was told that the insured had assigned his interest in the policy to plaintiff. The court held that the defendant, by consenting to the assignment, had made a contract with plaintiff, and was estopped from defending against the assignee on account of prior breaches unknown to either party; that the information it received at the time of the assignment was sufficient to put it upon inquiry. It also held that the assignor had an insurable interest. In this case the application was verbal. No statement as to the condition of the title was asked for or given. In its reference to the *Hoose Case*, the court was in error as to its statement that the facts were precisely the same. In the *Hoose Case*, as above already stated, defendant company was informed of the exact condition of title when the insurance was written. This case, however, was not determined and decided upon that question, as already appears.

In *Guest* v. *Insurance Co.*, 66 Mich. 98, opinion by CAMPBELL, C. J., the application was verbal, and the insured stated he held under a land contract. The policy read: "Lot held by virtue of a land contract."

In *Gristock* v. *Insurance Co.*, 87 Mich. 428, opinion by GRANT, J., the application was not in writing and defendant's agent was informed of a mortgage.

In *Miotke* v. *Insurance Co.*, 113 Mich. 166, opinion by HOOKER, J., insured was a foreigner unable to write and speak English. He stated that he held the land on which the house was situated on contract. The contract was, in fact, to himself and wife jointly.

The most recent case before this court, bearing upon the question under consideration, is *Brunswick-Balke-Collender Co.* v. *Assurance Co.*, 142 Mich. 29, opinion by BLAIR, J. Plaintiff was the owner of certain saloon furniture and fixtures, billiard and pool tables, of which it had made a conditional sale retaining title in the property, and also upon which it had taken a chattel mortgage to secure the title notes. The application was verbal and the record does not show that any specific representations were made as to title. The court said:

"In the case at bar the plaintiff had an insurable interest. It had the legal title and was the owner of the property insured subject to the rights of Rawson Bros. to acquire its title by performance of its contract of sale. The only actual description of their interest in the property contained in the policy was the language '$1,100 on their saloon furniture and fixtures, etc.' This was a true description, and defendant cannot complain because of its own negligence in failing to require a more specific description."

The cases cited in the opinion have already been discussed. The case decides that the description of the property in the policy was not untrue; that the owner of the legal title of personal property need not disclose the fact that he had agreed to sell such insured property upon conditions reserving title. This is supported by authority. A conditional sale in the law of fire insurance is not an alienation. 3 Joyce on Insurance, § 2284, and cases cited. Earlier Michigan cases cited by plaintiff to the point that the insured need not disclose the state of title to the property insured are not in point, for the reason that the insurance contracts did not so require, or the facts showed waiver or estoppel. In the cases discussed, where the opinion of this court has not been given, enough of the facts of each case has been stated to show some knowledge as to title, or waiver on the part of the insurer. This court has never in terms overruled the case of *Wierengo* v. *Insurance Co.*, supra, and it is evident such has not been the intention. Some members of the court who con-

curred in that case have sat in all the cases herein above considered, except the *Guest Case,* and in no instance has the decision in that case been referred to or questioned, for the undoubted reason that these cases were distinguished by them.

In this case, at the time that the policy issued, plaintiff was not the owner of the land in fee simple. The burden of the proof to show knowledge in the defendant of this fact was upon the plaintiff. This it failed to do. The defendant had no such knowledge, therefore the policy was void. The court should have directed a verdict for defendant. We find no other errors in the case.

Judgment is reversed, and a new trial ordered.

GRANT, OSTRANDER, HOOKER, and MOORE, JJ., concurred.