## MEECH v. CITIZENS' INSURANCE CO. OF MISSOURI.

1. Fire Insurance—Personal Property— Title—Warranty — Breach—Chattel Mortgage.

Where a policy insuring personal property against loss by fire provides that it shall be void if the property become incumbered by chattel mortgage, the existence of a chattel mortgage upon the property, unknown to the insurer, defeats the policy.

2. Chattel Mortgages—Duration of, Lien.

Where a chattel mortgage is given to secure the mortgagee as an indorser of the grantor's paper, it prima facie constitutes security for renewals of the paper until the whole amount is paid.

3. Fire Insurance—Personal Property—Title — Warranty— Breach—Chattel Mortgage.

Plaintiff executed a chattel mortgage to secure an indorser of his note and the note was later surrendered and a new one given, the understanding being that the original note was paid, though no agreement was made with respect to the mortgage. Subsequent to the exchange of notes plaintiff procured insurance on the chattels by a policy providing that it should be void if the property were incumbered by chattel mortgage. Held, that the policy was void, the mortgage standing prima facie as security for the entire debt until paid.

Case made from Charlevoix; Mayne, J. Submitted January 9, 1907. (Docket No. 6.) Decided March 5, 1907.

Assumpsit by Ezra F. Meech against the Citizens' Insurance Company of Missouri on a policy of insurance. There was judgment for plaintiff, and defendant appeals. Reversed.

*George E. Nichols*, for appellant.

*A. B. Nicholas*, for appellee.

MONTGOMERY, J.   This is an action on a policy of insurance covering hotel furniture, fixtures, etc., insured on the 7th of October, 1902, and burned November 7th of the same year.   The defense was based upon an alleged violation of the terms of the policy, which provides:   .

" This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not stated truly herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.   *   *   *   Or if the subject of insurance be personal property, and be or become incumbered by chattel mortgage."

It was claimed that both at the date of the policy and at the time of the fire there was a subsisting valid bill of sale in the nature of a mortgage in force covering the property insured.

The case was tried before the circuit judge without a jury.   There was a special finding of facts and law which, so far as they relate to the special defense relied upon, read as follows:

"March 4, 1902, plaintiff obtained from the State Bank of Petoskey a loan of $500, giving therefor his note due in six months.   One Walter L. French signed this note as joint maker.   To secure French from loss in case he had to pay this note, plaintiff executed to him a chattel mortgage or bill of sale to have the force and effect of a chattel mortgage.   This instrument was duly filed in the office of the township clerk of South Arm township, in which Meech resided, and the property was situated.   September 20, 1902, Meech paid cash upon this note $17.50. October 1, 1902, another note was executed and delivered to the bank by Meech and French in the sum of $325, bearing date September 17, 1902, due six months from that date, and the first note canceled and marked 'paid,' and delivered by the bank to Meech, the original note having been in part paid in cash.

" At the time of the delivery to the bank of this second note Mr. Chichester, cashier of the bank, held title to cer-

tain real estate upon which the State Bank had a mortgage, and in which land Meech had an equity, and it was agreed in writing between Mr. Chichester, Mr. Meech, and Mr. French that Mr. Chichester should proceed to realize upon this real estate, pay the mortgage to the bank, and credit the surplus arising from the sale upon this note. It was understood between the parties at this time that the equity in this real estate was sufficient to meet the new note. The real estate was not sold, and May 21, 1903, Meech and French executed another note in the sum of $340.42; this amount representing the amount then due upon the $325 note of September 17, 1902, Meech having reduced the amount by payment upon the note. This last note was delivered to the bank to Mr. Chichester, and the note of September 17, 1902, canceled, marked 'paid,' and delivered to Mr. Meech.

" At this time a second agreement relative to the equity in the real estate similar to the first agreement was made and given to Mr. Chichester February 2, 1904, another note was delivered by Meech and French to Mr. Chichester bearing date of December 19, 1902, and the note of May 21, 1903, canceled, marked 'paid,' and delivered to Mr. Meech.

" This last note at the time of the trial was not paid, but was held by the bank. The chattel mortgage given by Meech to French has never been discharged of record, and no agreement made in relation thereto, but both Meech and French understood that the giving of the note of $325 to the bank on October 1, 1902, but dated September 17, 1902, and the cancellation by the bank of the original note and its delivery to Meech rendered the original mortgage of no further force or effect, the same as though the original note had been paid in cash. Application for the insurance was not in writing. About the time of the fire defendant attempted to cancel its policy, but it is admitted that the effort proved ineffectual, and the policy remained in force. After the loss by fire defendant learned the facts concerning the chattel mortgage. The existence of the chattel mortgage is not assigned as a reason for the defendant's action in attempting to cancel the policy.

" The fire was accidental, and there was no fraud on the part of Meech in securing the policy or in making proofs of loss, and no intentional concealment of the existence of the chattel mortgage.

" LAW.

" Both Meech and French may have been mistaken as
to the legal effect upon the chattel mortgage of the giving
of the note and security of October 1, 1902, but their con-
duct as well as testimony shows that they considered the
chattel mortgage as of no further force or effect.   The
agreement that Meech's equity in the real estate should
continue to constitute French's security for his indorse-
ment is shown by the fact that a new agreement was made
concerning the same upon the delivery of the note bearing
date of May 21, 1903.   The parties to the chattel mort-
gage believing it discharged by operation of law, Mr.
Meech, in the absence of any distinct misrepresentation,
committed no fraud in failing to apprise the insurance
company of the existence of the chattel mortgage, either
at the time of the taking out of the policy, or in his proof
of loss.   Even had Meech made the statement that there
was no incumbrance it would not have voided the policy."

The defendant's counsel proposed amendments based
upon the claim that the evidence showed conclusively that
the new security was given in May, 1903, long after the
fire occurred, instead of October 1, 1902.   There is testi-
mony which tends to support the claim that May, 1903,
was the true date of the transaction, but we are not satis-
fied that this testimony was conclusive or that there was
no testimony fixing the date as October 1, 1902.   This
leads to a consideration of the question: Does the find-
ing of facts as made support the conclusions of law ?   It
is settled by our decisions that, under a policy such as that
here involved, the existence of a mortgage upon the prop-
erty covered by the insurance, unknown to the in-
surer, defeats the policy.   *Wierengo* v. *Insurance Co.*,
98 Mich. 621; *Wyandotte Brewing Co.* v. *Insurance
Co.*, 144 Mich. 440.   The finding shows a valid chattel
mortgage, given March 4, 1902, to secure French as an
indorser.   Prima facie this constituted security for re-
newals of the note until the whole amount was paid.
*Packard* v. *Kingman*, 11 Iowa, 219; *Smith* v. *Prince*,
14 Conn. 472; *Cullum* v. *Branch Bank at Mobile*, 23
Ala. 797.   The finding does not state facts which nega-

tive this presumption as a matter of fact. On the contrary, the finding is that no agreement was made in relation thereto. It is true the finding states that both parties understood that the giving of the note of September 17th, and the cancellation of the original note, rendered the original note of no further force or effect, but this is rather a statement of the construction which the parties placed upon their legal rights than a statement of fact. That this is not a technical construction of the language is made manifest by the finding of law by the circuit judge, which indicates that this is what he intended the finding to mean. We think the finding does not support the judgment, and that, under the rule laid down in *Wyandotte Brewing Co.* v. *Insurance Co.*, supra, there was error in the finding of law. We do not hold that the agreement for the acceptance of the second security may not have been in terms which would exclude the idea of a continuance of the security of the bill of sale. If such was the fact, however, it was not found or made the basis of the judgment.

The case is not so clear as to justify entering final judgment for defendant in this court. The judgment is reversed, and a new trial ordered.

McAlvay, C. J., and Grant, Blair, and Ostrander, JJ., concurred.