FIRST NATIONAL BANK OF SAULT STE. MARIE *v.* ÆTNA INSURANCE CO.

INSURANCE—TRESPASS—LOGS AND LOGGING—MORAL HAZARD.

Under the provisions of a fire insurance policy on lumber which, without the actual knowledge of the insured, had been mixed with property taken from State lands, by acts of trespass (for which it had settled with the State after date of loss), the moral hazard was not so increased as to avoid the policy on the ground that the insured was not sole and unconditional owner, the value of the lumber owned by plaintiff and covered by the policy being in excess of the insurance.

Error to Chippewa; Fead, J. Submitted June 15, 1915. (Docket No. 43.) Decided September 28, 1915.

Assumpsit by the First National Bank of Sault Ste. Marie against the Ætna Insurance Company of Hartford, Connecticut, on a policy of fire insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Lucking, Helfman, Lucking & Hanlon* (*M. H. Baxter*, of counsel), for appellant.

*Warner & Sullivan*, for appellee.

KUHN, J. This action is brought on a Michigan standard fire insurance policy issued by the defendant to the Northern Timber Company to cover lumber destroyed by fire at Perry's Landing, on the shores of Lake Superior, June 17, 1913, which policy was assigned after loss to the plaintiff. The treasurer of the assured, Mr. Stegeman, made verbal application to the defendant's agent for the insurance. The agent looked over the situation, and policies, including the one here in suit, were issued from time to time; the amount of

insurance being increased as the lumber was cut. At the time of the fire there was piled at Perry's Landing a little over 2,500,000 feet of lumber, of which the assured owned approximately 900,000 feet. The policies all described the property assured as "covering lumber, lath, and shingles, if any, owned by assured, or held in trust or on commission, or sold, but not delivered." The amount of insurance on the lumber of the Northern Timber Company was $5,000. The estimate of the value of the lumber covered by this insurance, made by Mr. Wright, an adjuster sent by the insurance company to adjust the loss, was $9,003. After the fire the State made a claim for the value of lumber which it was alleged had been taken from State lands, and a settlement was arrived at for the alleged trespassed lumber by the payment to the State of $1,450. There does not seem to be any dispute that the insured had no actual notice or knowledge of any claim as to trespassed lumber until after the fire. At the close of the testimony, it being stipulated by counsel that there were no facts to be submitted to the jury, the court directed a verdict for the plaintiff for the amount of the policy.

It is the contention of counsel for appellant that by reason of the trespassed lumber being mixed with the lumber of the insured there resulted a confusion of goods, and that the circuit judge erred in not charging the jury that the burden of distinguishing and pointing out its own lumber was upon the assured, who carelessly and wrongfully produced the confusion in mixing its own lumber with that of the State. The circuit judge, in directing a verdict, said:

"There is no evidence to substantiate the claim that any part of the trespassed timber was intermingled with the timber of the assured, or that the assured did not have unconditional ownership of the property covered by this policy."

It will be noticed that the policy did not cover all the lumber at the place where the fire occurred, but in express terms provided that it should cover only "lumber owned by the assured," the value of which, the record discloses, was considerably in excess of the total amount of the insurance. We are of the opinion that the question of the confusion of goods is not material, or of any consequence, in the case before us, as we are satisfied that the circuit judge was correct in charging that there was no evidence before the jury that the assured did not have unconditional ownership of the property covered by the policy.

As it appears that at the time of the insuring of the property the insured had no knowledge of the fact that trespassed lumber had become mixed with the lumber owned by it, and no knowledge of such claim was had until after the fire, it cannot be said that the mixing of the lumber increased the moral hazard. It is true that the parties to the insurance contract must be held to its terms, and, as was said by this court in *Wierengo* v. *Insurance Co.*, 98 Mich. 621 (57 N. W. 833), reaffirmed in *Wyandotte Brewing Co.* v. *Insurance Co.*, 144 Mich. 440 (108 N. W. 393, 6 L. R. A. [N. S.] 852, 115 Am. St. Rep. 458):

"An insurer is not required by the law to inquire into the condition of the title to the property insured, or to inform the insured of all the conditions and terms of the policy to be issued, or to read it to him, or inform him of its contents. When received and accepted without objection, he must be bound by its terms, unless these terms are waived by the insured. This is the law of contracts, and there is no reason or authority for holding that an insurance contract is an exception thereto."

In the instant case, however, if the insured had read the contract—which it may be assumed that it did—nothing would have been seen therein that is inconsistent with the true facts. There is no question here

of misrepresentation, or of fraud or concealment. The defendant's agent examined the property owned by the insured, which it is conceded was largely in excess of the amount of the insurance, and now, because a comparatively small amount of other lumber than that owned by the insured was mixed with that of the insured, unknown to it, it should not be said that the policy is void because the insured was not the sole and unconditional owner of the property insured.

Being of the opinion that the trial judge properly directed a verdict for the plaintiff for the reason stated, we affirm the judgment.

BROOKE, C. J., and STONE, OSTRANDER, and BIRD, JJ., concurred. MOORE and STEERE, JJ., did not sit.

The late Justice MCALVAY took no part in this decision.