BOOTH & BOYD LUMBER CO. *v.* CALEDONIA INSURANCE CO.

INSURANCE—ADJUSTMENT OF LOSS—CONCLUSIVENESS.

> Where an insurer of certain lumber objected to payment of a loss as determined by its adjuster on the grounds of advice from the land commissioner of the State that a portion of the timber from which the lumber was made was the property of the State and not of the insured, as claimed in proofs of loss, and of overstatement in such proofs of the quantity and value of the lumber destroyed, *held*, that these contentions were disposed of by *First National Bank v. Insurance Co.*, 188 Mich. 251 (153 N. W. 1063); *First National Bank v. Insurance Co.*, 188 Mich. 254 (153 N. W. 1064); *Wilms v. Insurance Co.*, 194 Mich. 656 (161 N. W. 940).

Error to Saginaw; Gage, J. Submitted October 17, 1916. (Docket No. 103.) Decided May 31, 1917.

Assumpsit by the Booth & Boyd Lumber Company against the Caledonian Insurance Company of Scotland upon a policy of insurance. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Lucking, Helfman, Lucking & Hanlon,* for appellant.

*Humphrey, Grant & Humphrey,* for appellee.

BIRD, J. In December, 1912, plaintiff purchased from the Northern Timber Company of Sault Ste. Marie 2,000,000 feet of hemlock, to be manufactured during the spring and summer of 1913 and placed in piles on the south shore of Lake Superior. Work was begun on the contract, and as fast as the lumber was manufactured it was placed in piles, estimated, and insured in accordance with the contract. When the advancements were made by plaintiff in accordance

with the contract, bills of sale of the lumber were given to plaintiff and the insurance policies assigned to it and approved by the insurance companies issuing them. In June, 1913, when the contract was only partially completed, the lumber was destroyed by fire. The insurance companies interested selected Mr. Wright, an adjuster, and he determined that 386,000 feet of the 2,000,000 feet had been manufactured and piled and had been destroyed. This was covered by several policies. One of the number was issued by defendant for $1,200, which is the policy in suit. Proofs of loss were made and delivered to the defendant company. It acknowledged receipt of the same and made the following reply thereto:

"DETROIT, MICH., Sept. 11, 1913.
"BOOTH & BOYD LUMBER COMPANY,
  "*Bay City, Mich.*
"*Gentlemen:* Re Caledonian Policy No. 2279063.

"Purported proof of loss under policy No. 2279063 of the Caledonian Insurance Company has been received, and is objected to for the following reasons:

"*First.* This company has been advised by the land commissioner of the State of Michigan that a portion of the timber from which the lumber was made, which it was stated was destroyed by fire and for which claim is made against this company for loss by fire, was the property of the State of Michigan. This being the case, false statements have been made in the said purported proof of loss.

"*Second.* It has recently come to the knowledge of this insurer that the Northern Timber Company did, some time in the month of January, 1913, transfer, assign and set over a portion, if not all of its assets, real and personal, including the property insured under the above named policy, to the Chippewa Land & Lumber Company, and to others whose names this insurer does not know, without giving any notice to this company of said action, thereby depriving this company of its right and privilege to pass upon whom and whom not it may insure. No mention of this is made in the said purported proof of loss, and the statement therein that

'no other person or persons had any interest therein' is false.

"*Third.* It has recently come to the knowledge of this company that the quantity and value of the lumber claimed to have been destroyed are grossly and falsely over stated in said purported proof of loss.

"For the reasons stated above, and also for the reason that the said Northern Timber Company did not possess full title to the property which is said to have been destroyed by fire and thereby could not convey it, this company disclaims any liability under the said policy.

"Yours very truly,

"CALEDONIAN INSURANCE COMPANY,

"By [Signed] JOHN B. ADAMS, State Agent."

2. This defense was expressly waived by defendant's counsel on the trial.

1 and 3. The contentions made in these defenses are answered by the former opinions of this court which will be found reported in *First National Bank* v. *Insurance Co.,* 188 Mich. 251 (153 N. W. 1063); *First National Bank* v. *Insurance Co.,* 188 Mich. 254 (153 N. W. 1064); *Wilms* v. *Insurance Co.,* 194 Mich. 656 (161 N. W. 940)—the last case cited being especially applicable thereto. In view of this, no further consideration need be given to them.

The judgment of the trial court is affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.