STAMLER v. UNIVERSAL INSURANCE CO.

1. CHATTEL MORTGAGES—FLOOR PLAN—FILING.
   A chattel mortgage in proper form under the so-called floor plan, on automobile left with mortgagor for resale, is valid provided it is duly filed in accordance with statute governing merchandise purchased for resale (3 Comp. Laws 1929, § 13424, as last amended by Act No. 129, Pub. Acts 1935).

2. INSURANCE—CONDITION OF TITLE.
   An insurer need not investigate the condition of the title to property insured but may by contract place the duty upon the insured and condition liability upon insured's compliance therewith.

3. SAME—THEFT—AUTOMOBILES—TITLE.

Automobile dealers who purchased mortgaged car covered by policy insuring them against loss by theft in the course of purchase and sale were bound by provisions of policy requiring sole and unconditional ownership although they did not know car was mortgaged when purchased.

4. SAME—TITLE—INSURER'S NOTICE OF MORTGAGE.

Under theft insurance policy requiring insured's sole and unconditional ownership of the property, the existence of a mortgage upon the property unknown to the insurer defeats the policy.

5. CHATTEL MORTGAGES—FILING—CONSTRUCTIVE NOTICE—INSURANCE.

Filing of chattel mortgage on automobile covered by theft policy issued to automobile dealers who purchased car without knowledge of the mortgage did not constitute constructive notice to insurer of existence of the mortgage as between insured and insurer (3 Comp. Laws 1929, § 13424, as last amended by Act No. 129, Pub. Acts 1935).

6. SAME—NOTICE—STATUTES.

The object of the statute pertaining to filing of chattel mortgages is to protect merely subsequent purchasers and incumbrancers and constitutes notice only for purposes declared by statute (3 Comp. Laws 1929, § 13424, as last amended by Act No. 129, Pub. Acts 1935).

7. INSURANCE—THEFT—TITLE—NOTICE.

Condition of automobile dealer's theft insurance policy voiding the policy for other than sole and unconditional ownership justified the insurer in not making an independent investigation and consulting the public records (3 Comp. Laws 1929, § 13424, as last amended by Act No. 129, Pub. Acts 1935).

8. APPEAL AND ERROR—INSURANCE—AGENT'S KNOWLEDGE—WAIVER.

Exclusion of insurance agent's testimony in action against insurer under automobile dealer's theft policy was not prejudicial, where no claim is made that the agent's knowledge or representations amounted to a waiver or otherwise varied the express conditions of the policy.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 5, 1943. (Docket No. 15, Calendar No. 42,063.) Decided April 6, 1943.

Assumpsit by Rae Stamler and Anna Miller, co-partners, doing business as Sun Motor Sales, against Universal Insurance Company, a New Jersey corporation, on a policy of theft insurance. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Earl D. Leader,* for plaintiffs.

*Manuel Zechman (Charles Rubiner,* of counsel), for defendant.

BUTZEL, J.   Plaintiffs, dealers in used cars, suffered a loss by theft of one of their cars and brought suit against defendant which on January 1, 1941, had insured them against loss by theft of all automobiles in the course of purchase and sale. The policy contained a warranty by the insured that the automobiles described therein were fully paid for and there were no liens, mortgage or other incumbrance thereon. It provided that the company would not be liable unless any lien, mortgage or other incumbrance on any property insured was specifically set forth and described in the policy; that the policy would be void if the interest of the insured in the subject of insurance was other than sole and unconditional ownership. The facts were stipulated in the record.

On January 15, 1941, plaintiffs purchased a Buick car from R. J. Pung, doing business as Pung Motor Sales of Alma, Michigan. Pung had purchased the car from a third party and received a certificate of title issued by the department of State of the State of Michigan. The Pung company assigned the certificate of title to plaintiffs at the time of sale. In the spaces provided, both on the face and the back

of the certificate, wherein the amounts of the lien were to be set forth, the word "none" was written. Plaintiffs paid for the car without knowing there was a mortgage outstanding against it. Shortly after plaintiffs acquired the car, it was stolen and has never been recovered.

The car had been mortgaged on a so-called "floor plan" to Saginaw Financing Company by the Pung Motor Sales. The mortgage, dated November 9, 1940, covered this car as well as another one and was duly filed November 12, 1940, in the office of the register of deeds of Gratiot county. The specific amount of the lien against the Buick car was $525. The value of the car at the time of the theft and the amount claimed by plaintiffs was $625. The mortgage given by the Pung Motor Sales to the Saginaw Financing Company was discharged over four months after the theft had taken place. This, however, did not affect the rights of the parties, the Pung Motor Sales evidently being legally bound to pay the debt to the finance company. The testimony showed that plaintiffs were innocent in the entire transaction, knew nothing about the mortgage, and therefore gave no notice of it. Defendant did not know of the existence of the mortgage. The trial judge denied recovery for two reasons. He found first, that the policy did not cover used cars and that the knowledge of defendant's agent that plaintiffs were engaged in the used car business would not be binding on defendant; and second, that plaintiffs did not notify defendant of the outstanding mortgage, as required by the policy.

We raised the question as to the effect of the mortgage given to the Saginaw Financing Company upon a car left with the mortgagor for resale without notice of the lien being set forth in the assignment. As pointed out in the case of *National Bond & Investment Co.* v. *Union Investment Co.*, 260 Mich.

307, a mortgage in proper form under the "floor plan" is valid, provided it has been duly filed in accordance with the law governing merchandise purchased for resale. 3 Comp. Laws 1929, § 13424, as last amended by Act No. 129, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 13424, Stat. Ann. § 26.929). The effect of amendments to this statute upon the instant mortgage need not be considered as the parties did not contest its validity in the trial court.

Plaintiffs call attention to the recent cases of *Cappaert* v. *Emmco Insurance Co.*, 304 Mich. 130, and *Hawkeye Casualty Co.* v. *Holcomb*, 302 Mich. 591, in which we held that the particular knowledge of an agent estopped the company from asserting or claiming lack of knowledge. For the purpose of this opinion, we shall assume that defendant knew through its agent that plaintiffs were engaged in the business of selling "secondhand" automobiles and that plaintiffs were insured against theft of the particular car, provided the warranty to disclose liens and the condition as to sole ownership were observed.

The principal question presented, therefore, is whether these provisions of the policy may be avoided by plaintiffs because of their ignorance of the mortgage. There is no requirement that an insurer investigate the condition of the title to property insured. It may by contract place the duty upon the insured and condition its liability upon his compliance therewith. Even if no question of public policy were involved because the plaintiffs did not know of the existence of the mortgage and thus could be excused for failing to fulfill their warranty, they would still be bound by the other provisions of the policy requiring sole and unconditional ownership. *Wierengo* v. *American Fire Ins. Co.*, 98 Mich. 621; *Wyandotte Brewing Co.* v. *Hartford Fire Ins. Co.*, 144 Mich. 440 (6 L. R. A. [N. S.]

852, 115 Am. St. Rep. 458). Were this not so, the insurer upon paying the loss, if the car was recovered, would not be entitled to it by subrogation or assignment except subject to the lien of the holder of the duly recorded mortgage. For this reason, the general rule, as stated in *Meech* v. *Citizens Ins. Co.,* 147 Mich. 343, should be strictly enforced:

"It is settled by our decisions that, under a policy such as that here involved, the existence of a mortgage upon the property covered by the insurance, unknown to the insurer, defeats the policy."

It cannot be claimed that the filing of the mortgage constituted constructive notice to the insurer of its existence. The purpose of registry laws does not extend so far as to charge the insurer with such knowledge. Their object is to protect merely subsequent purchasers and incumbrancers, *Columbia Bank* v. *Jacobs,* 10 Mich. 349 (81 Am. Dec. 792), and they constitute notice only for the purposes declared by statute. *Burton* v. *Martz,* 38 Mich. 761. Moreover, the condition voiding the policy for other than sole ownership justified defendant in not making an independent investigation and consulting public records. *Jeffords* v. *Tokio Marine & Fire Ins. Co.,* 123 S. C. 467 (117 S. E. 79).

The evidentiary questions were properly disposed of by the trial court. Since no claim is made that the knowledge or representations of the company's agent amounted to a waiver or otherwise varied the express conditions of the policy, the exclusion of the agent's testimony was not prejudicial.

We find no error. Judgment affirmed, with costs.

Boyles, C. J., and Chandler, North, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred.